REED, APPELLEE, *v.* PORTAGE COUNTY
BOARD OF COMMISSIONERS,
APPELLANT.*

(No. 1611—Decided December 13, 1985.)

*Craig Stephens,* for appellee.

*John J. Plough,* prosecuting attorney, and *Donald P. Mitchell, Jr.,* for appellant.

COOK, J. In June 1984, the then-Portage County Clerk of the Common Pleas Court submitted her budget request for fiscal year 1985 to appellant, Board of Portage County Commissioners. She did not submit, nor was she requested to do so pursuant to R.C. 2303.29(A), a separate budget for her operation of the auto title department. In her proposed budget, she requested $170,000 for employees' salaries (budget line 2-E-2). On January 5, 1985, appellant approved a 1985 budget for the clerk of courts which, in addition to a separate line item appropriation for

---

* Reporter's Note: A motion to certify the record to the Supreme Court of Ohio was overruled on March 5, 1986 (case No. 86-109).

salaries of employees in the municipal court, appropriated $151,618 for the salaries of employees of the clerk's office (budget line 2-E-2).

On January 7, 1985, appellee, Delores Reed, assumed the office of Portage County Clerk of Courts. After evaluating the operation of the auto title department, she determined she needed additional permanent and temporary employees to catch up on the filing of motor vehicle registration forms and the indexing of the current files, a task three months in arrears.

Appellee requested that an additional $37,000 be appropriated to her salaries account to hire the permanent and temporary personnel for the auto title department and one additional employee to collect common pleas court costs and process unclaimed monies. Appellant refused appellee's request.

On May 15, 1985, appellee filed a complaint seeking a writ of mandamus to compel appellant to appropriate the additional sum of $37,000 for employees' salaries and to provide adequate filing and housing facilities for the auto title department. After a bench trial, the court ordered appellant to appropriate additional funds in an amount ($18,382) for employees' salaries in the auto title department which would bring the clerk's total appropriation for employees' salaries under budget line 2-E-2 to the amount of $170,000, the sum originally requested by appellee's predecessor in her 1985 budget request.

Appellant has appealed the judgment of the trial court and has filed the following four assignments of error:

"1. The trial court erred when the trial court removed from the discretion of the board of commissioners the clear legal right to set aggregate compensation for all the clerk's employees and vested this right in the clerk and so ordered the commissioners to provide to the clerk her request for salaries on the specific budget line item 2-E-2.

"2. The trial court decision is against the manifest weight of the evidence because plaintiff did not prove and the trial court did not find that defendants [*sic*] abused their discretion.

"3. The trial court abused its discretion and violated the principle of separation of powers when the trial court by mandamus determined the aggregate sum for a budget item or salaries for the clerk's employees and then ordered the commissioners to appropriate or provide the sum to the clerk.

"4. The trial court erred in ordering the commissioners to provide an additional sum of $18,320.00 [*sic*] and filing equipment when the commissioners had already appropriated all moneys certified and the clerk did not follow the requirements of Revised Code 2303.29 and submit to the commissioners for their consideration by November 1984, a spearate [*sic*] itemized schedule and detail estimate of costs for the title bureau."

The assigned errors are without merit.

Appellant first contends the trial court erred when it held that the clerk of courts has discretion as to the amount to be included in her budget for employees' salaries. It argues the board of county commissioners has the discretion to set the aggregate compensation for all the clerk's employees.

In *Whitman* v. *McGee* (Oct. 4, 1985), Trumbull App. No. 3558, unreported, this court held that the board of county commissioners is statutorily vested with discretion as to the aggregate amount of compensation for the employees of the clerk of the court of common pleas.

This conclusion was based on R.C. 325.17 which, in pertinent part, provides:

"The officers mentioned in section 325.27 of the Revised Code [including the clerk of the court of common pleas] may appoint and employ the necessary deputies, assistants, clerks, bookkeepers, or other employees for their respective offices, fix the compensation of such employees and discharge them, and shall file certificates of such action with the county auditor. Such compensation shall not exceed, in the aggregate, for each office, the amount fixed by the board of county commissioners for such office. * * *"

However, in *Whitman,* as it applied to employees of the clerk of courts in the auto title department, this court held that a board of county commissioners abuses its discretion if it appropriates an amount for employees' salaries for a clerk of courts in an amount which is not sufficient for the clerk to "prompt[ly] discharge" her duties in the auto title department.

This conclusion was based on R.C. 2303.29 which, in pertinent part, provides:

"(B) The board of county commissioners shall budget and appropriate funds for the operation of the office of the clerk of the court of common pleas in an amount sufficient for the prompt discharge of the clerk's duties under Chapter 4505. of the Revised Code."

The evidence in the instant cause clearly indicates appellee is unable to promptly discharge her duties under R.C. Chapter 4505 with the funds for employees' salaries appropriated to her by appellant. Therefore, we conclude appellant abused its discretion in not appropriating sufficient funds for the clerk's employees' salaries.

Although the trial court incorrectly applied the law, the result is the same — appellee has a clear legal right to an appropriation of funds for the operation of her office in an amount sufficient for her to "prompt[ly] discharge" her duties as to the auto title department.

Appellant next contends the trial court's decision is against the weight of evidence.

It is well-recognized that a review-

ing court will not reverse on weight of the evidence grounds where the judgment of the trial court is supported by some competent, credible evidence going to all the essential elements of the case. *C. E. Morris Co.* v. *Foley Constr. Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E. 2d 578. In the instant cause, there was competent, credible evidence that appellee could not "prompt[ly] discharge" her duties in the auto title department with the funds provided by appellant for employees' salaries. When appellee assumed office on January 7, 1985, she found that over 100,000 pieces of filing relative to the registration of motor vehicles had not been filed and the indexing of the current documents was over three months behind. Due to the subsequent breakdown of one of the two large Diebold power files, containing 68,000 individual files on shelf-like trays, and the refusal of appellant to have it repaired, the trays containing the files were set about the office and in nearby small rooms making impossible direct access to the records by the office's counter personnel who dealt with the public.

We conclude the court's judgment was not against the weight of the evidence.

Next, appellant contends the trial court erred in determining the aggregate sum for the clerk's employees' salaries and ordering appellant to appropriate or provide said sum to the clerk. Appellant argues such action by the court violated the separation of powers doctrine because such aggregate sum for the clerk's employees' salaries is to be set by the board of commissioners acting in a legislative capacity.

"Mandamus is a writ * * * commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. R.C. 2303.29(B) enjoins a duty upon a board of county commissioners to "budget and appropriate funds for the operation of the office of the clerk of the court of common pleas in an amount sufficient for the prompt discharge of the clerk's duties under Chapter 4505. of the Revised Code." R.C. Chapter 4505 is the certificate of motor vehicle title law.

The issuance of a writ of mandamus to compel a board of county commissioners to "budget and appropriate" to the clerk of courts a sum of money shown by the evidence to be necessary for the prompt discharge by the clerk of her duties in relation to the auto title department is a proper function of the judicial branch of the government. There is no conflict with the legislative branch of government under the separation of powers doctrine.

By R.C. 2303.29(B), the state legislature has mandated that a board of county commissioners furnish a clerk of courts with sufficient· funds to "prompt[ly] discharge" her duties under R.C. Chapter 4505. The judicial branch is merely enforcing the mandate of the legislature.

Last, appellant contends the court erred in ordering it to appropriate an additional sum of $18,382 and filing equipment since appellee's predecessor had not submitted a separate schedule and detail of costs for the auto title department under R.C. 2303.29(A).

R.C. 2303.29(A) provides:

"A clerk of the court of common pleas may, or upon the request of the board of county commissioners by the first day of June shall, submit a request for an appropriation to the board of county commissioners detailing the costs required to administer his responsibilities under Chapter 4505. of the Revised Code. If such a request is submitted, the request shall include an itemized schedule of personnel and supply costs. In addition, the request shall include a summary of the cost of administering Chapter 4505. of the Revised Code during the most recent ap-

propriation period; a detailed estimate of new costs that will result from new responsibilities pursuant to Substitute House Bill 275 of the 114th general assembly or from any subsequent legislation changing fees or poundage established under Chapter 4505. of the Revised Code. If such a request is submitted, it shall be filed with the clerk of the board of county commissioners not later than the first day of November. The board of county commissioners shall consider the request of the clerk and the intent of the legislature prior to adopting the appropriation resolution pursuant to section 5705.28 of the Revised Code."

In the instant cause, appellee's predecessor did not separately submit, nor did appellant request her to do so, a request for an appropriation detailing the costs required to administer her responsibilities under R.C. Chapter 4505.

We are of the opinion that it would be the better budget appropriation procedure for the clerk of courts to submit such a separate appropriation request detailing the costs required by the clerk in administering R.C. Chapter 4505. If the clerk does not see fit to submit such a separate budget request on her own initiative, then the board of county commissioners should exercise its right under R.C. 2303.29(A) to require her to do so. Such a procedure would serve to help pinpoint the actual financial needs of the clerk of courts as to the operation of the auto title department. However, the lack of such a separate appropriation request for the auto title department does not lessen the duty of the board of county commissioners in exercising its discretion to "budget and appropriate" the funds necessary for the clerk of courts to "prompt[ly] discharge" her duties in administering the auto title department as required by R.C. 2303.29(B).

For the above reasons, we affirm the judgment of the trial court.

*Judgment affirmed.*

DAHLING, P.J., and FORD, J., concur.