OPINION
This matter is before the Court upon an appeal by Appellant James Pletcher from a decision by the Court of Common Pleas, Juvenile Division, Muskingum County, that granted permanent custody of appellant's minor child, Kiah Bennett, to the Muskingum County Department of Human Services ("Agency"). The facts giving rise to this appeal are as follows.
The Agency initially became involved with this family in October of 1991, when it filed a complaint in the trial court alleging that Robert Farmer, Shannon Farmer and James Bailey were neglected and dependent children.[1] The complaint alleged the mother, Tammy McGilton, was an alcoholic who refused any treatment for her problem. The children were left unsupervised and had truancy problems. The father of James Bailey is deceased.
At a hearing conducted on April 8, 1992, the trial court found James Bailey to be neglected and dependent and placed the minor child with Tammy McGilton, subject to the protective supervision of the Agency. The Agency developed a case plan that required Tammy McGilton to attend drug and alcohol classes as well as parenting classes.
On June 24, 1992, Tammy McGilton gave birth to Kiah Bennett. On November 19, 1993, the Agency filed a complaint that alleged James Bailey and Kiah Bennett were neglected and dependent children. Although paternity had not been established, it was alleged that James Pletcher was the biological father of Kiah Bennett. The allegations contained in this complaint stated that Tammy McGilton had failed to address Kiah's neurological disorder by failing to keep appointments with specialists. The complaint further alleged that James Bailey was truant from school and was receiving low grades. Finally, the complaint alleged that Tammy McGilton failed to address her drug and alcohol problems.
The trial court conducted an adjudicatory hearing on December 13, 1993. The trial court found both children to be neglected and dependent. At a dispositional hearing on January 18, 1994, the trial court placed the children in temporary custody of the Agency. Tammy McGilton did not attend this hearing but Appellant James Pletcher was present. In its entry of January 18, 1994, the trial court also ordered appellant to establish the paternity of Kiah Bennett. It was subsequently established by a probability of 99.97 percent that James Pletcher is the biological father of Kiah Bennett.
The Agency filed another complaint on June 3, 1994, alleging that Paul Caine Wilson, born June 2, 1994, was a dependent child. The allegations in the complaint stated that Tammy McGilton failed to seek prenatal care for the child and tested positive for crack cocaine on two occasions during her pregnancy. The child's biological father, Paul Wilson, was also drug and alcohol dependent. Following a hearing in July of 1994, the trial court placed Paul Caine Wilson into the temporary custody of the Agency.
On November 29, 1994, the Agency filed a motion requesting that it be awarded permanent custody of Paul Caine Wilson, James Bailey and Kiah Bennett. The trial court heard evidence regarding the Agency's complaint on June 14, 1996 and August 16, 1996. On January 3, 1997, the trial court issued its judgment entry granting permanent custody of Kiah Bennett to the Agency. Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT'S VERDICT RENDERED IN ITS JUDGMENT ENTRY OF JANUARY 3, 1997, IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE FOR REASON THAT THE MUSKINGUM COUNTY CHILDREN'S SERVICES FAILED TO CARRY ITS BURDEN OF PROOF WITH RESPECT TO THE ELEMENTS OF OHIO REVISED CODE SECTION 2151.41.4.
 II. MUSKINGUM COUNTY CHILDREN'S SERVICES VIOLATED OHIO REVISED CODE SECTION 2151.412 WHICH PROHIBITED JAMES PLETCHER FROM SUCCESSFULLY CONTESTING MUSKINGUM COUNTY CHILDREN'S SERVICES MOTION FOR PERMANENT CUSTODY.
Appellant contends, in his first assignment of error, that the trial court's judgment is against the manifest weight of the evidence because the Agency failed to meet its burden of proof with respect to the elements of R.C. 2151.414. We disagree.
In reviewing a manifest weight of the evidence claim, we do not weigh the evidence nor judge the credibility of the witnesses. Our duty is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Judgments supported by some competent, credible evidence, going to all the essential elements of the case, will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279.
It is based upon this standard that we review appellant's first assignment of error. The statute at issue is R.C. 2151.414. Under this statute, the trial court may grant permanent custody, under R.C. 2151.414(B), if the court finds clear and convincing evidence that it is in the child's best interest to grant permanent custody and if the child cannot be placed with either parent within a reasonable time, or should not be placed with their parents.
A trial court is to consider the factors contained in R.C.2151.414(E)(1) through (12) in making this decision. If one or more of these factors are found by clear and convincing evidence, the trial court must enter a finding that the child cannot be placed with either parent within a reasonable amount of time or should not be placed with either parent.
We find the trial court did consider these factors and the testimony presented by various witnesses support the trial court's judgment. The trial court, in its judgment entry of January 3, 1997, found it to be in the best interest of Kiah Bennett to terminate appellant's parental rights and place him with the Agency. Judgment Entry, Jan. 3, 1997, at 3. However, appellant contends the evidence does not support the trial court's conclusion that Kiah Bennett could not be placed with appellant within a reasonable time or should not be placed with appellant.
The evidence presented does support the trial court's conclusion. First, as to R.C. 2151.414(E)(1), evidence was presented that appellant has failed to remedy the situation that originally caused Kiah Bennett to be removed from the home. Ms. Susan Henderson, the social worker, testified that appellant repeatedly failed to complete counseling for alcohol abuse; that he reluctantly attended some sessions and that he did little to participate in the early sessions and failed to regularly attend AA classes during his aftercare. Tr. Vol. II at 58-59.
Second, although the Agency removed Kiah Bennett, from his home, in 1993, appellant did not visit with the minor child until January 1996, at which time appellant still had not established paternity. Such lack of commitment toward the child is a factor the trial court is to consider under R.C. 2151.414(E)(4).
Third, appellant has been repeatedly incarcerated, in the past, as a result of his alcohol and/or drug problems. Appellant testified that he spent approximately four years in jail, with approximately two and one-half of these years spent in jail after the birth of Kiah Bennett. Tr. Vol. I at 57-62. Further, as recently as the fall of 1995, appellant had been charged with disorderly conduct by intoxication. Tr. Vol. I at 61-62. This is also a relevant factor the trial court is to consider under R.C.2151.414(E)(8).
Under R.C. 2151.414(E), the presence of any one or more of the factors contained in section (E)(1) through (12) requires the trial court to find that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. As noted above, at least three of these factors were present and testimony was presented to support these factors. Therefore, the trial court's judgment terminating appellant's parental rights, with regard to Kiah Bennett, was not against the manifest weight of the evidence.
Appellant's first assignment of error is overruled.
 II
Appellant contends, in his second assignment of error, that the Agency violated R.C. 2151.412 in the drafting and implementation of its case plan. We disagree.
Appellant sets forth the following problems with the case plan: (1) the case plan did not try to achieve the least restrictive, most family like setting, in placement, for Kiah; (2) the case plan did not prefer a family setting as required by R.C.2151.412(G); and (3) the Agency did not make a good faith effort to assist appellant in completing the case plan.
As to appellant's first argument, we find the Agency did place Kiah Bennett in the least restrictive, most family like setting. Due to both parents alcohol and/or drug problems, the child could not be placed with either parent during the pendency of this matter. Further, there was evidence that Kiah Bennett was doing well in the Harlan foster home which is located close to the residence of Appellant James Pletcher. Tr. Vol. II at 73. Second, as to appellant's contention regarding the placement of Kiah Bennett in a family setting, there is no evidence that Kiah could have been placed with a family member. Appellant cannot point to any evidence, in the record, that would support his argument that appellant could have been placed in a family setting.
Finally, we find the Agency did make a good faith effort to assist appellant in completing the case plan. The court in In reWeaver (1992), 79 Ohio App.3d 59, 64, defined a good faith effort to implement a reunification plan as an honest, purposeful effort, free of malice and the design to defraud or seek an unconscionable advantage. A lack of good faith implies a dishonest purpose, a conscious wrongdoing or breach of a known duty based upon some ulterior motive or ill will in the nature of fraud. Id.
We find no evidence of lack of good faith, on the part of the Agency, in the case sub judice. Conversely, we find since the placement of Kiah Bennett in foster care, the Agency prepared six case plans and/or amendments thereto. The stated goal in each of these case plans was to return the child to his parents. The Agency attempted to provide services for appellant even before he established paternity. We find no evidence of lack of good faith on the part of the Agency or the case worker Ms. Susan Henderson.
It was appellant's failure to successfully complete the case plan that resulted in the termination of his parental rights, not the failure of the case plan to comply with R.C. 2151.412.
Appellant's second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Muskingum County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Gwin, J., concur.
 JUDGMENT ENTRY
CASE NO. CT97-0003
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, of Muskingum County, Ohio, is affirmed.
[1] Robert Farmer and Shannon Farmer have since attained the age of eighteen and are no longer subject to the trial court's jurisdiction.