OPINION
On July 9, 1996, appellant, Della M. Shanower, was pulling into a private driveway when her vehicle was struck from behind. Appellant sustained injuries to her neck resulting in a herniated disc. Traveling behind appellant was Jean Beauseigneur in the same lane and appellee, Charles F. Holcomb, in the next lane. There was a dispute as to which individual struck appellant's vehicle. On April 7, 1998, appellant, together with her husband, Corlin Shanower, filed a complaint against appellee, Ms. Beauseigneur and Erie Insurance Company for negligence as a result of the collision. Appellants sought compensatory damages in excess of $25,000. A jury trial commenced on December 14, 1998. The jury found appellee to be fully liable for the collision and awarded appellants $4,000 in damages, $2,000 to appellant for her medical bills, $1,000 for her pain and suffering and $1,000 to appellant's husband on his loss of consortium claim. On December 24, 1998, appellants filed a motion for new trial, or in the alternative, additur. By judgment entry filed January 11, 1999, the trial court denied said motion. Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I THE JURY'S AWARD OF DAMAGES WAS INADEQUATE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, WHERE THE JURY FAILED TO FULLY COMPENSATE APPELLANT FOR THE INJURIES CAUSED BY APPELLEE'S NEGLIGENCE AFTER SUCH CAUSATION WAS ESTABLISHED BY UNCONTROVERTED MEDICAL TESTIMONY.
II THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE APPELLANTS' MOTION FOR NEW TRIAL, OR IN THE ALTERNATIVE, ADDITUR, WHERE THE DAMAGES AWARDED BY THE JURY WERE INADEQUATE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS PROVEN BY THE UNCONTROVERTED MEDICAL TESTIMONY.
 I, II
Appellants' assignments of error center on the manifest weight of the evidence. First they challenge the jury's damages award and secondly they challenge the trial court's denial of the motion for new trial/adducur. Because both assignments are centered on the same issue, we will discuss them jointly. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993), 66 Ohio St.3d 610. As an appellate court, we are mindful that we are not to supplant our own view of the evidence and the result we would have reached but instead look to the record to determine if the verdict was contrary to the evidence presented. Appellants argue their experts were unrefuted in their opinions that the July 9, 1996 accident was the proximate cause of appellant's herniated disc. Appellee argues the lack of diagnosis and treatment for the herniated disc for some fourteen months after the accident, coupled with the lack of numbness or radiating pain, is sufficient to support the jury's award of $4,000. AMOUNT OF DAMAGES Appellants argue the $2,000 award for medical bills does not indicate that the jury chose to cut-off appellant's damages at the time of her herniated disc surgery or limited her damages to the immediate care of her injuries. From our review of the record, we find $1,948.35 in medical bills up to the September 1997 herniated disc diagnosis. These bills include the emergency room treatment of $152.08, Dr. Galang's bills of $215.00, the emergency room physician's bill of $215.00, therapy bills totaling $1,035.00 and medication for $331.27. See, Plaintiff's Exhibit 9 attached to Sos depo. Although the $1,948.35 amount is not the precise award of $2,000, it is so close that we cannot say the damage award is unrelated to the evidence of damages immediately after the accident.
 MEDICAL EXPERTS
Dr. Lamberto Galang was appellant's treating physician and Dr. Alejandro Sos was appellant's surgeon for the herniated disc. Both physicians opined the herniated disc was the proximate result of the 1996 accident. Galang depo. at 28; Sos depo. at 37. Dr. Sos based his opinion on the following facts: A. The series of facts is, number one, that she never had any complaints regarding her neck prior to this injury. Number two, that from the very same day she had the injury, she started complaining of neck pain continuously for several months. Number three, that she was not studied properly, because she never had any x-rays, they couldn't diagnose this disc. She went to Florida for a month. She didn't have a physician in Florida, but when she returned she went to see Dr. Galang again with the same complaints of neck pain. Dr. Galang proceeded in the same standard procedure by referring her to physical therapy. And it is only when the physical therapy realized that the pain has increased, when she was referred back to Galang, Dr. Galang ordered a CT scan and there is a large disc.
This is why I say my opinion — to make it shorter for the benefit of the jury — is that this women didn't have any neck pain or any ailments of the neck before the accident, but following the accident for fourteen months continual neck pain. It is fourteen months after the accident or thirteen months when finally she has the appropriate study. That is a CT scan. The study shows a cervical herniated disc. Then it is operated. This is why I think there is a direct relationship between the injury, based on my information, between the injury and the ruptured disc.
Sos depo. at 49-50.
In particular, Dr. Sos's physical observations at the time of appellant's surgery substantiate that the disc had been herniated for some time. There were `multiple adhesions and adherences to the ligament' which was indicative that the disc had been herniated `for quite some time.' Sos depo. at 27. Upon cross-examination, Dr. Sos explained although a herniated disc could be the result of many causes, when there is trauma to the area immediate radiculopathy (motor loss and/or numbing and tingling) is not always presented. T. at 44-46. Dr. Sos testified the tearing out may be immediate or may happen over the ensuing months. Sos depo. at 46. This is further substantiated by Dr. Galang's observation that in August of 1997, appellant had more symptoms i.e., "more pain and numbness of the left upper extremity." Galang depo. at 16-17. Dr. Sos opined Dr. Galang's failure to do a CT scan prior to September of 1997 was wrong. T. at 55. Appellant testified her symptoms became worse in the passing months and by the summer of 1997 she had pain down her arms into her hip and legs. T. at 222. Undeveloped during the trial was the last therapy session wherein the therapist moved appellant's neck differently to the point where appellant cried and the CT scan was recommended. T. at 266. This is the only incident in the record of any possible break in the causation. This is not developed or discussed by the medical experts. In the record is unrefuted testimony that appellant's symptoms were not present before the accident but were present immediately after the accident and continued until her surgery. T. at 190, 211, 217, 256. Based upon the unrefuted evidence of causation and being mindful there can be more than one proximate cause, we find the damages award was not substantiated by the evidence. There is unrefuted testimony the accident caused the injury and appellant's pain was continuous from the time of the accident to surgery. Further, Dr. Sos's physical observations established appellant's herniated disc was a long term herniation. Upon review, we find the damages award was inadequate and the trial court erred in not granting a new trial. Assignments of Error I and II are granted.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed and remanded.
By Farmer, J. Gwin, P.J. and Reader, V.J. concur.