DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from a judgment of the Fulton County Court, Western District, Small Claims Division, awarding plaintiff-appellee, Jennifer Hack, $3,000. Defendant-appellant, LeRoy Acevedo, asserts the following assignments of error:
 "I. THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING JUDGMENT TO THE APPELLEE AND THE JUDGMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 "II. THE APPELLEE LACKED STANDING TO BRING THE PROPERTY DAMAGE CLAIMS FOR THE VEHICLE AND THE YARD."
 "III. THE TRIAL COURT ERRED IN AWARDING JUDGMENT AND PROPERTY DAMAGES TO APPELLEE SINCE APPELLEE WAS NOT THE OWNER OF THE DAMAGES [sic] VEHICLES."
Appellee's complaint alleged that appellant vandalized her automobile and her yard. She requested damages in the amount of $3,000. At the trial of this matter, appellee testified that during the early morning hours of July 5, 1999, appellant "destroyed" her yard and "keyed" her motor vehicle. Appellee admitted, however, that she did not actually witness anyone, including appellant, key her car or damage her property. As evidence of the damage to her automobile, she offered an estimate, in the amount of $3,129.12, for its repair. The estimate was dated June 6, 1999, one month before the alleged acts of vandalism. Appellee claimed that her insurance company paid her $300 for the property damage to her yard, that is, her flower bed, lawn ornaments and lawn.
Appellee's neighbor, Lisa Zimmerman, testified that on the morning in question, she first saw appellant in his motor vehicle with his girlfriend/wife and an unidentified male leaving the trailer park where appellee resides. According to this witness, she later saw appellant and the unidentified male near appellee's property carrying what appeared to be a cooler. After following appellant's vehicle as it left the trailer park a second time and obtaining the vehicle's license number, Zimmerman returned to her residence and called the police. On cross-examination, Zimmerman conceded that she did not see appellant key anyone's car. She claimed that she saw the unidentified male pick up a wood planter (presumably belonging to appellee) and throw it into the road. She stated that appellant "was standing directly there" and "had just put something down in the yard."
In his Assignment of Error No. I, appellant essentially[1]
contends that the trial court's judgment is against the manifest weight of the evidence because appellee offered no competent, credible evidence that appellant damaged her automobile or property and no competent, credible evidence of damages.
"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley ConstructionCo. (1978), 54 Ohio St.2d 279, syllabus. In the present case, appellee's cause of action is rooted in tort. To recover under a theory of tort, the plaintiff must demonstrate a duty owed, a breach of that duty by the tortfeasor, that the breach was the proximate cause of the alleged injury and damages. See, generally, 88 Ohio Jurisprudence 3d (1989) 304-316, Torts, Sections 3-12. An intentional tort is an act committed with the intent to injure another, or committed with the belief that such injury is substantially certain to occur. 1 Restatement of the Law 2d, Torts (1965) 15, Section 8A.
In the present case, appellee offered no competent, credible evidence to establish that appellant committed any act, that is, breached any duty, with the intent to injure her property and that his conduct was the proximate cause of the injury to that property. At best, Zimmerman's testimony shows that appellant was in the vicinity of appellee's property and, at one point, placed "something" on the "yard." One cannot infer from this evidence that appellant was the individual who keyed appellee's car and damaged her yard. Accordingly, the trial court's judgment on these elements is against the manifest weight of the evidence.
For the foregoing reason, appellant's Assignment of Error No. I is found well-taken. Consequently, even though we might agree that the court's judgment on the question of the amount of the damages award is not supported by the evidence, we need not address this issue. Furthermore, appellant's Assignments of Error No. II and No. III are rendered moot by our disposition of Assignment of Error I and shall not be considered by this court.
The judgment of the Fulton County Court, Western District, Small Claims Division, is reversed and vacated, and, pursuant to App.R. 12(C), we enter judgment in favor of defendant-appellant, LeRoy Acevedo. Plaintiff-appellee, Jennifer Hack is ordered to pay the costs of this appeal.
JUDGMENT REVERSED AND VACATED.
[1] Appellant also uses the phrase "abuse of discretion" in this assignment. However, that standard of review is not applicable to appellant's contentions.