[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant Fidelity Mortgage Inc. filed suit against defendant-appellee Gene W. Hite, asserting that he had defaulted on a $9,000 loan made to him while he was employed by Fidelity as a loan officer, and that he owed the company an additional $1,650 in connection with a site assessment that he had ordered.[1] The matter went to a bench trial where the trial court found in favor of Hite on Fidelity's claims, stating, "Verbal claims without documents are insufficient to establish that Plaintiff suffered the loss claimed."
Fidelity appeals the trial court's judgment, asserting, in its sole assignment of error, that the judgment is against the weight of the evidence.
With respect to Fidelity's claim for failure to pay the site-assessment fee, our review of the record reveals that there was competent, credible evidence adduced at trial to support the trial court's judgment.[2]
Although Fidelity claimed that Hite owed it $1,650 pursuant to a company policy that required loan officers to pay site-assessment fees in instances where a loan did not close, it presented no documentation evidencing the policy. Moreover, Hite testified that the loan in questionhad closed. Given Hite's testimony, which the trial court was entitled to credit, and the absence of more specific documentation in support of Fidelity's claim, we conclude that the trial court's judgment against Fidelity was not against the weight of the evidence.
Conversely, our review of the record with regard to Fidelity's claim for breach of contract on the $9,000 loan leads us to conclude that the trial court's judgment in this respect was against the weight of the evidence. Apart from the fact that Fidelity presented both a cancelled check and a promissory note to evidence the $9,000 loan, Hite himself admitted the existence of the loan. The only dispute at trial concerned the balance remaining on the loan. Fidelity claimed that $6,036.50 remained due. Hite contested the amount and presented evidence to suggest that only $5,718.74 remained due.
Given the undisputed evidence of Hite's indebtedness to Fidelity, we conclude that the trial court's judgment against Fidelity on its claim for breach of contract was against the weight of the evidence. Accordingly, we reverse the judgment on that claim and remand the case for further proceedings to determine the amount due to Fidelity as a result of the breach. In all other respects, the judgment is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Shannon, JJ.
 Raymond E. Shannon, retired of the First Appellate District, sitting by assignment.
[1] Although Hite filed a counterclaim asserting that Fidelity had failed to pay him over $14,000 in salary and commissions during his employment, he withdrew the claim at the conclusion of trial.
[2] C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus (holding that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the weight of the evidence.")