The C. E. Morris Company, Appellant, *v.* Foley Construction Company, Appellee.

(No. 77-594—Decided May 24, 1978.)

280

*Messrs. Vorys, Sater, Seymour & Pease* and *Mr. Thomas M. Taggart,* for appellant.

*Messrs. Knepper, White, Arter & Hadden, Mr. John A. Jenkins* and *Mr. Donald G. Paynter,* for appellee.

WILLIAM B. BROWN, J.   The main issue raised by the instant cause is whether the trial court's ruling that the July delivery of steel was not the proximate cause of damages suffered by Foley was correctly determined by the Court of Appeals to be against the manifest weight of the evidence.[1]

Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. See *Chicago Ornamental Iron Co.* v. *Rook* (1915), 93 Ohio St. 152, 160; *Portage Markets Co.* v. *George* (1924), 111 Ohio St. 775 (paragraph

---

[1]Foley also contends that "[w]hen a case is heard on the merits pursuant to the allowance of a motion to certify, the Supreme Court of Ohio will not consider any proposition of law which is not raised in the memoranda supporting or opposing claimed jurisdiction." Morris' failure to so raise the question of whether the Court of Appeals applied the proper standard when it determined whether the trial court's proximate cause ruling was against the manifest weight of the evidence does not bar this court from deciding that issue because a "cause properly appealed to this court is here for the proper determination of all questions *presented by the record * * *"* (*Winslow* v. *Ohio Bus Line Co.* [1947], 148 Ohio St. 101), and the standard applied by the Court of Appeals is clearly presented by the record in the instant cause. Foley's contention is, therefore, without merit.

one of the syllabus); and 3 Ohio Jurisprudence 2d 817, Appellate Review, Section 820, and the cases cited therein.

The trial court's determination that the late steel delivery was not the proximate cause of Foley's failure to complete the highway on time is supported by such evidence. Trial testimony revealed that Foley requested a March steel delivery date from Morris and that Morris did not deliver the steel until July. However, there was also testimony that, while Foley completed the project 41 days late², it was on schedule when Morris delivered its steel. Witnesses also testified that, for 45 days after Morris delivered its steel and Foley could have begun to use that steel in bridge construction, the steel was stored at the construction site awaiting state and railway approval of erection plans which either Foley or a subcontractor other than Morris was responsible for delivering. Finally, there was also testimony that at least some of Foley's inability to meet its deadline was due to its failure to staff the project with adequate personnel. Since the record discloses that the trial court had competent evidence before it on which to base its finding that Morris' July delivery of steel was not the proximate cause of any damages suffered by Foley, we must reverse the Court of Appeals and affirm the judgment of the Court of Common Pleas.³

*Judgment reversed.*

O'NEILL, C. J., CELEBREZZE, P. BROWN, SWEENEY and LOCHER, JJ., concur.

HERBERT, J., concurs in the judgment only.

---

²Foley was actually 141 days late finishing the project. However, only 41 of those days were treated as late days by the state.

³Morris also contends that in its prior ruling as well as in its determination on proximate cause, the Court of Appeals overruled the judgment of the trial court as being against the manifest weight of the evidence in violation of R. C. 2321.18 and App. R. 12(C). Since we find that, in any case, the trial court was correct when it determined that the late steel delivery was not the proximate cause of any damages suffered by Foley, it is not necessary for this court to address Morris' contention.