OPINION
This is an appeal from a judgment of the court of common pleas affirming a decision of the Kettering Board of Zoning Appeals that granted an application for a conditional use zoning permit to operate a group home for young women in a residential neighborhood. Appellants, who live in the neighborhood where the home will be located, present a single assignment of error, which states:
 THE FINDING OF THE KETTERING CITY COUNCIL ON APRIL 28, 1998 THAT THERE IS A BENEFICIAL RELATIONSHIP BETWEEN THE PROPOSED DEVELOPMENT AND THE NEIGHBORHOOD IN WHICH IT IS TO BE ESTABLISHED IS UNSUPPORTED BY THE PREPONDERANCE OF SUBSTANTIAL, RELIABLE AND PROBATIVE EVIDENCE ON THE WHOLE RECORD.
The courts of common pleas are authorized by R.C. 2506.01 to review the orders and decisions of administrative boards and tribunals. R.C. 2506.04 governs the court's review, and provides:
 The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings of opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code.
The common pleas court must affirm the agency's order, adjudication, or decision unless the court finds it deficient on one of the grounds listed in R.C. 2506.04. Town CenterDevelopment, Co. v. City of Cleveland (1982), 69 Ohio St.2d 640. The judgment of the court of common pleas may be appealed in turn to the court of appeals on questions of law. An appeal on questions of law is the review of a case on questions of law only, which includes questions of the weight and sufficiency of the evidence. R.C. 2505.01(B). Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Companyv. Foley Construction (1978), 54 Ohio St.2d 279.
The assignment of error set up by Appellants states a proposition that is properly resolved by the common pleas court pursuant to an R.C. Chp. 2506 appeal. For purposes of this appeal from a judgment that the common pleas court entered on the issue, we will construe the assignment to state that the judgment is against the manifest weight of the evidence.
The location in which the group home will be operated is an R-4 zoning district, multi-family residential. The Codified Ordinances of the City of Kettering, Section 1151.05, provides that a group home is a "conditional use" in that form of district. Because the home involved a new use of an existing building, Section 1175.12 required the prospective operators of the home to submit a Development Concept/Final Development Plan to obtain a conditional use permit. Section 1175.12(E)1)(g) provides: "Approval of a development concept plan or of a final development plan shall be given if . . . [t]here is a beneficial relationship between the proposed development and the neighborhood in which it is to be established."
The prospective operator of the group home, St. Joseph's Treatment Center, filed a development concept plan with the Kettering Board of Zoning Appeals, proposing to operate a group home for teenage girls at 2160 Schantz Avenue, in Kettering. The Board granted the necessary conditional use permit, finding the beneficial relationship that Section 1175.12(E)(1)(g) requires. Appellants herein sought a review by the Kettering City Council, which unanimously approved issuance of the permit. They next sought an R.C. Chp. 2506 review by the common pleas court.
Two arguments were presented to the common pleas court by Appellants in their attack on the decision of the Board of Zoning Appeals. One of those two, and the only one before this court, was that the Board and the City Council both erred in finding the beneficial relationship contemplated by Section 1175.12(E)(1)(g) between the use concerned, operation of a group home, and the neighborhood in which it is to be established.
In ruling on the challenge to the "beneficial use" finding of the Board and the City Council, the trial court stated:
 "Evidence was introduced to support the conclusion that a beneficial relationship exists between the proposed group home and the neighborhood where it is to be established. Apparently the home will be the residence of at most nine (9) girls at any one time and they will be supervised by six (6) staff members at all times and will be required to adhere to very stringent guidelines; this must be juxtaposed with the situation with "average" young people. The city planner has testified that a beneficial relationship depends greatly on such management and supervision. The exterior appearance of the home is subject to special conditions imposed by Council. Testimony was introduced to the effect that other group homes' residents are excellent, helpful neighbors and that there is no relationship between crime and the presence of the home. A neighbor of the Anchorage testified that his property value has increased and a study was introduced concluding his property value has increased and a study was introduced concluding that group homes do not adversely affect property values or neighborhood safety or stability. There was also evidence that residents of Kettering would have the services of the group home available to them and that the City would benefit from the taxes paid by the residents and staff.
* * *
 "The Kettering City Council's decision is entitled to approval unless it is determined to be unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Blake, supra, [Blake v. Council of the City of Kettering, Ohio (July 26, 1984, Montgomery App. No. 8609, unreported]; In re Elizabeth Twp. Bd. Of Zoning Appeals (Sept. 28, 1994), Miami App. No. 93-CA-62, unreported. While no precise definition of "beneficial relationship" exists, perhaps none should. As Justice Trayner once said, the words of a statute are not at rest in their alphabetical bins, but must be considered in their context and, in the matter sub judice, are being placed in that context by the same legislative body that originally enacted them.
 The Court has reviewed the transcript and record filed in this case and concludes that there is a preponderance of reliable, probative, and substantial evidence that supports the City Council's conclusion that a beneficial relationship exists between the proposed group home and the neighborhood where it is to be established. The Appellants' second assignment of error is not well taken and the Kettering City Council's decision is hereby affirmed."
(Decision, Order and Entry, October 30, 1998, at pp. 5-7).
In support of their assignment of error in the appeal to this court, Appellants contend that the record is almost devoid of any evidence that would support the required beneficial relationship finding, that the facts which do support of that finding are too insubstantial to demonstrate it, and that the negative effects demonstrated outweigh them in any event. Those negative effects are declining property values, the operation of a nursery school across the street from the proposed site, and a high incidence of police calls to other, similar group homes that St. Joseph's Treatment Center operates.
A factor underlying the Appellants' argument throughout these proceedings has been the lack of any precise definition of a "beneficial relationship," as the trial court noted. The term connotes an element of mutuality, but not a degree. An equality in the benefits each side realizes is not required, though some benefit for each greater than a nominal benefit is contemplated by the very existence of the requirement.
To the extent that a "benefit" connotes an improvement that cures a current defect, no benefit particular to the immediate vicinity in which the group home will be located and attributable its location there is apparent from this record. However, "benefit" also connotes a positive good. In that respect, evidence was presented that the home will operate with controls on the behavior of its residents that do not exist elsewhere in the neighborhood with respect to multi-family dwellings. Also, there was evidence that the residents of other, similar homes that are located elsewhere have been of assistance to persons in their neighborhood, especially the elderly. Further, there was evidence that the greater Kettering community could benefit from having the home available for use by young women whose families reside in Kettering.
The foregoing facts constitute some competent, credible evidence which supports the trial court's findings. Therefore, we may not reverse on its judgment as one which is against the manifest weight of the evidence.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, J. and YOUNG, J., concur.
Copies mailed to:
Don A. Little, Esq.
David L. Eubank, Esq.
Michael W. Sandner, Esq.
Hon. Jeffrey E. Froelich
IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO