OPINION
Defendant James C. Vore appeals a judgment of the Court of Common Pleas of Stark County, Ohio, classifying him as a sexual predator pursuant to R.C.2950.09. Appellant assigns four errors to the trial court:
ASSIGNMENTS OF ERROR
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS.
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
 THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
In 1979, appellant was convicted and sentenced on one count of kidnaping and one count of rape. Appellant is incarcerated. The Department of Rehabilitation and Correction completed a sexual predator screening document, which was submitted to the court along with the police reports and appellant's confession to the 1979 crimes. The sexual predator screening instrument incorrectly stated appellant had been convicted of abduction and gross sexual imposition charges in 1978. Upon appellant's objection, the court continued the matter and eventually the State corrected the error. The 1978 abduction and sexual imposition charges had been "no billed", and appellant had no prior record.
 I
In his first assignment of error, appellant argues R.C. Chapter 2950 violates the ex post facto clause of the United States Constitution, Section 9, Article I. The Supreme Court rejected this argument is State v. Cook (1998), 83 Ohio St.3d 404, paragraphs one and two of the syllabus. On the authority ofCook, the first assignment of error is overruled.
 II
In his second assignment of error, appellant urges the trial court's decision violates the prohibition against double jeopardy contained in the Fifth Amendment of the United States Constitution and the Ohio Constitution, Article I, Section 10. In State v.Williams (2000), 88 Ohio St.3d 513, the Ohio Supreme Court rejected this argument, finding R.C. Chapter 2950 is neither criminal nor punitive. On the authority of Williams, the second assignment of error is overruled.
 III
In his third assignment of error, appellant challenges R.C. Chapter 2950 as unconstitutional vague. In Williams, supra, the Ohio Supreme Court found R.C. Chapter 2950 is not unconstitutionally vague, because it provides an adequate standard upon which to make a sexual predator determination. On the authority of Williams, supra, the third assignment of error is overruled.
 IV
In his fourth assignment of error, appellant urges the trial court's decision is not supported by clear and convincing evidence.
R.C. 2950.09 lists a number of non-exclusive factors a trial court is to consider in determining whether a given offender is a sexual predator:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (I) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Our standard of reviewing claims a judgment is not supported by sufficient evidence was set forth by the Ohio State Supreme Court in C.E. Morris v. Foley Construction Company (1978),54 Ohio St.2d 279. If a trial court's judgment is supported by competent credible evidence going to each element of the case, a reviewing court will not reverse that judgment.
Appellant argues the trial court had no evidence before it regarding appellant's likelihood to re-offend, and the court may not presume a likelihood to re-offend on a single conviction. The trial court specifically noted here, there was no prior criminal history, given that the 1978 abduction and gross sexual imposition were "no-billed". The court noted, however, appellant's conduct was violent, involving kidnaping and threat of physical harm.We have reviewed the record, and we find the trial court's judgment is support by sufficient, competent and credible evidence.
The fourth assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By Gwin, P.J., Farmer, J., and Wise, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.