OPINION
Dan Sell, doing business as Da Bo Lakes, appeals from a judgment of the court of common pleas affirming a decision of the Adams Township Board of Zoning Appeals. The Board of Zoning Appeals denied Sell's application for a "conditional use" permit to operate a pay-fishing lake and campground.
Sell and his wife took title to an eighty-acre parcel of land located in Adams Township, Darke County, in October 1997. At the time of the purchase, the tract contained a lake, designated as "Lake 2," which was used as a public pay-fishing pond and camping area. The land also contained a bait shop that had operated since 1995.
In December, 1997, Sell engaged a surveyor, James Stanton, to assist him to subdivide a portion of the tract into thirteen lots, which were to be sold for residential purposes. In order to gain subdivision approval, Stanton advised that the land required a drainage system. To that end, Sell cleared an area of land formerly used for agricultural purposes and began constructing a retention basin, designated "Lake 1," and a small detention basin for water overflow, designated "Lake 3," to provide drainage for the subdivided portion. Lake 1 was completed in October, 1998, and the Darke County Planning Commission approved the subdivision plans on October 19, 1998.
Sell testified that he developed the idea of creating another lake on the property, and transferring the fishing and camping activities there, in the summer of 1997. However, Stanton was not retained until December of that year, and Stanton testified that he was not aware of, nor involved in, the plan to develop the area around Lake 1 for camping or fishing. Yet Sell testified that he installed water lines and began constructing driveways to serve the campsites around Lake 1 during the late summer of 1998. Sell maintains that he used Lake 1 as a pay lake for fishing and the area around it for "primitive camping" during the summer and fall of 1998.
Zoning regulations for Adams Township were passed by voters on November 3, 1998, with an effective date of November 16th of that year. Sell's property sits in an district zoned A1 agricultural. While the bait shop, and pay-fishing and camping around Lake 2, were exempt from the new ordinance as preexisting uses, any further development of the land for camping and pay-fishing would have been a zoning violation requiring a conditional use permit.
The Adams Township zoning inspector issued to Sell a stop-work order, to cease any further development of the area around Lake 1 for camping and pay-fishing, in April, 1999. At this point the water detention basin, Lake 3, was not yet completed. The zoning inspector advised Sell to apply for a conditional use permit, which would have allowed Sell to continue development of the land for camping and pay-fishing, subject to conditions set forth by the Board of Zoning Appeals. Sell filed the recommended application.
The Adams Township Board of Zoning Appeals held two public hearings regarding Sell's application for a conditional use permit. The Board denied Sell's application, citing neighbor unrest, which was expressed at the hearings, and the fact that Sell began construction without consulting the Board.
Sell appealed the denial of the conditional use application to the court of common pleas. Sell amended his complaint to include the issue of whether the use of Lake 1 for fishing and camping prior to the effective date of the township zoning ordinance constituted nonconforming, preexisting use, which would allow Sell to circumvent conditional use approval.
The court of common pleas held a two-day trial in May, 2000, and the parties submitted post-trial briefs. On June 5, the trial court issued findings of fact and conclusions of law. The court found that Lake 1 was "originally constructed for the primary purpose of detaining drainage water from the subdivision," and that public camping and fishing was not a use for the property surrounding Lake 1 before the effective date of the township ordinance. The court determined that there was "a preponderance of reliable, probative and substantial evidence to support the decision of the Board of Zoning Appeals." Therefore, the trial court entered a judgment sustaining the decision of the Adams Township Board of Zoning Appeals.
Sell filed timely notice of appeal. He presents two assignments of error. We will address them in reverse order to facilitate our discussion.
ASSIGNMENT OF ERROR NUMBER TWO
 THE TRIAL COURT ERRED IN FINDING THE DECISION OF THE BOARD OF ZONING APPEALS FOR ADAMS TOWNSHIP WAS SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE.
The courts of common pleas are authorized by R.C. 2506.01 to review the decisions of administrative boards. The standard of review is provided by R.C. 2506.04:
 The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings of opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code.
We recently had opportunity to formulate a standard for the appellate review of an appeal of an administrative agency's decision to a common pleas court.
 The common pleas court must affirm the agency's order, adjudication, or decision unless the court finds it deficient on one of the grounds listed in R.C. 2506.04. Town Ctr. Dev. Co. v. Cleveland (1982), 69 Ohio St.2d 640, 23 O.O.3d 524, 433 N.E.2d 227. The judgment of the court of common pleas may be appealed in turn to the court of appeals on questions of law. An appeal on questions of law is the review of a case on questions of law only, which includes questions of the weight and sufficiency of the evidence. R.C. 2505.01(B). Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.
Minoughan, et al. v. City of Kettering, et al. (1999), 133 Ohio App.3d 833, 834-35.
Like Minoughan, Sell's second assignment of error states a proposition that is properly resolved by the common pleas court pursuant to an R.C. Chapter 2506 appeal. Therefore, for our review we will construe this assignment to state that the judgment of the common pleas court regarding the Board of Zoning Appeals' denial of Sell's application for a conditional use permit was against the manifest weight of the evidence. The trial court's decision will not be reversed as being against the manifest weight of the evidence if it is supported by competent, credible evidence going to all the essential elements of the case. C.E. MorrisCo. v. Foley Const. Co. (1978), 54 Ohio St.2d 279.
The trial court found that the Board of Zoning Appeals "acted in a reasonable and valid manner when basing its decision upon traffic patterns, roadway usage and intersection conditions." The trial court concluded that it "declin[ed] to substitute its judgment for that of the [Board of Zoning Appeals] based on the factors which the [Board of Zoning Appeals] used to make its decision."
Our review reveals that Sell's neighbors in attendance at the hearing before the Board of Zoning Appeals raised several concerns regarding the use of Lake 1 as a pay-fishing pond and the area around it as a campground. Concerns that were expressed included noise pollution, traffic problems, road conditions, and water problems. These concerns constitute evidence probative of the matter involved. While we were supplied only the transcript for the first day of the hearing, our review reveals that it contains more than enough competent, credible evidence to support the trial court's judgment affirming the decision of the Board of Zoning Appeals. Therefore, we must affirm the judgment of the trial court on the manifest weight of the evidence standard.
The second assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER ONE THE TRIAL COURT ERRED IN DETERMINING APPELLANTS' USE OF THEIR LAND PRIOR TO THE EFFECTIVE DATE OF THE ZONING RESOLUTION OF ADAMS TOWNSHIP, DARKE COUNTY, OHIO, DID NOT CONSTITUTE A VALID, EXISTING USE AND THE APPELLANTS WERE NOT PERMITTED TO COMPLETE THE CONSTRUCTION BEGUN ON THE PREMISES PRIOR TO THE ADOPTION OF THE ZONING RESOLUTIONS FOR ADAMS TOWNSHIP, DARKE COUNTY, OHIO.
Sell put the issue of the ordinance's application to his land in front of the Board of Zoning Appeals, arguing that he was "grandfathered in" because of preexisting use. This issue was considered at the public hearing before the Board of Zoning Appeals, yet the Board did not address Sell's nonconforming, preexisting use in the denial of the application for a conditional use permit. We will treat this assignment of error as if the Board of Zoning Appeals had denied the petition based on a finding regarding Sell's alleged preexisting use as well. Therefore, we will again use the manifest weight standard for our review of the issues addressed in the first assignment of error. Minoughan, supra. If the trial court's decision regarding the nonconforming, preexisting use of Lake 1 is supported by competent, credible evidence, the case will not be reversed as being against the manifest weight of the evidence.
R.C. 519.19 governs the maintenance of preexisting, nonconforming uses. It states in part:
 The lawful use of any dwelling, building, or structure and of any land or premises, as existing and lawful at the time of enactment of a zoning resolution or amendment thereto, may be continued, although such use does not conform with such resolution or amendment. . . .
Sell argues in this assignment of error that the use of Lake 1 for pay-fishing and public camping pre-dated the effective date of the zoning ordinance, and therefore that his use is exempt from the zoning ordinance as a preexisting, nonconforming use. Sell had the burden to present sufficient evidence to support a finding or preexisting, nonconforming use. Bales v. City of Dayton (Nov. 18, 1996), Montgomery App. No. 15668, unreported.
Nonconforming uses are not favorites of the law. City of Kettering v.Lamar Outdoor Advertising, Inc. (1987), 38 Ohio App.3d 16, 18.
 The reason for their disfavored position is clear: if the segregation of buildings and uses, which is the function of zoning, is valid because of the beneficial results which this brings to the community, to the extent this segregation is not carried out, the value of zoning is diminished and the public is thereby harmed. Nonconforming uses are allowed to exist merely because of the harshness of and the constitutional prohibition against the immediate termination of a use which was legal when the zoning ordinance was enacted.
Id., citing Young, The Regulation and Removal of Nonconforming Uses (1961), 12 Western Res.L.Rev. 681, 686. The rights of a nonconforming user are limited, and the clear intent and purpose is to eliminate such nonconforming uses as rapidly as possible. City of Kettering v. LamarOutdoor Advertising, supra.
In the matter before us, we must couple the law's preference against nonconforming uses with the weight of the evidence supporting the decision of the Board of Zoning Appeals. The trial court found that Sell's use of Lake 1 as a pay-fishing lake, and the use of the property surrounding it for primitive camping, did not pre-date the effective date of the zoning ordinance. We find that the trial court's decision was supported by competent, credible evidence, and therefore we decline to reverse.
First, the trial court found that paid fishing was not an existing use of Lake 1 prior to the enactment of the Adams Township Zoning Ordinance. This conclusion was based on the following evidence: Sell's vendor's license for 1998 did not list paid fishing as a use of the premises for that year; Sell's contradictory and incredible testimony regarding fish purchases in 1998; and, the advertising that stated that paid fishing began in the Spring of 1999. The trial court noted that occasional fishing in Lake 1 prior to the effective date of the ordinance does not establish a preexisting, nonconforming use.
Second, the trial court concluded that public camping was not a use of the area around Lake 1 prior to the effective date of the zoning ordinance based on the following evidence: Sell's failure to have been legally operating a camp site in compliance with Ohio EPA regulations pertaining to drinking water and waste sewage systems; and, Sell's failure to admit any business records regarding paid camping around Lake 1. The trial court again noted that occasional, primitive camping is not sufficient to prove preexisting, nonconforming use.
Based on our independent review of the record, we find the trial court's conclusion that Sell did not establish a preexisting use of Lake 1 for pay-fishing, and the area around Lake 1 for public camping, is supported by competent, credible evidence. This evidence, coupled with the preference against nonconforming uses, requires us to find that the trial court's decision was not against the manifest weight of the evidence.
Sell also argues under the first assignment of error that the Adams Township Zoning Ordinance fails to comply with the provisions for completion of nonconforming uses mandated by R.C. 519.19, which states in part:
 . . . The board of township trustees shall provide in any zoning resolution for the completion, restoration, reconstruction, extension, or substitution of nonconforming uses upon such reasonable terms as are set forth in the zoning resolution.
First of all, we note that Sell failed to include the Adams Township ordinance as part of the record. Also, it is unclear whether the provisions of R.C. 519.19 are actually "mandated," see Beck v. SpringfieldTwp. Bd. of Zoning Appeals (1993), 88 Ohio App.3d 443 ("R.C. 519.19
grants township trustees the discretion to provide for the `completion . . . of nonconforming uses. . . .'" (emphasis added)). Nevertheless, it makes no difference here because the evidence demonstrates that Sell's construction of Lake 1 at the time that the ordinance became effective was to provide drainage for the subdivision. In other words, since the construction of Lake 1 was for drainage purposes when the zoning ordinance became effective, its subsequent use for public camping and fishing could not be a nonconforming use. Therefore, R.C. 519.19 does not apply.
The first assignment of error is overruled.
Conclusion
Having overruled the assignments of error presented, we will affirm the judgment from which this appeal was taken.
FAIN, J., and YOUNG, J., concur.