Defendant-appellant Charles E. Brown, Jr. appeals the May 24, 2000 Judgment Entry of the Stark County Court of Common Pleas, adjudicating him a "sexual predator" as defined in R.C. 2950.01(E). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On March 3, 1975, the Stark County Grand Jury indicted appellant on one count of rape, in violation of R.C. 2907.02; one count of aggravated burglary, in violation of R.C. 2911.11; and one count of felonious assault, in violation of R.C. 2903.11. Count I of the Indictment alleged appellant engaged in sexual conduct with Sylvia J. Johnson, not his spouse, and compelled said victim to submit by force or threat of force. Count II alleged appellant entered Johnson's residence by force, stealth or deception, or trespass with purpose to inflict, attempt, or threaten to inflict physical harm on Johnson, and appellant had a deadly weapon, to wit: a knife, on or about his person at the time. Count three alleged appellant knowingly caused or attempted to cause physical harm to Johnson by means of a deadly weapon. At his arraignment on March 12, 1975, appellant entered pleas of not guilty to all the charges. The matter proceeded to trial by jury on May 22, 1975. On May 29, 1975, appellant was convicted and sentenced on one count of rape and one count of felonious assault. The trial court sentenced appellant to an indeterminate term of imprisonment of ten to forty years.
Pursuant to R.C. Chapter 2950, the trial court scheduled a sexual offender classification hearing on May 22, 2000. On April 18, 2000, appellant filed motions to dismiss based upon ex post facto and retroactivity grounds, and double jeopardy grounds; a motion to declare H.B. 180 unconstitutionally vague; and a motion for disclosure of information. Via Judgment Entry dated April 26, 2000, the trial court overruled appellant's constitutional challenges to the sexual predator law.
At the hearing, the State presented the trial court with numerous documents, including copies of the 1975 indictment; the nolle prosequi; the judgment entry of conviction and commitment to Lima State Hospital; the journal entry finding appellant to be sane and imposing sentence; a notice of parole hearing scheduled for January, 1979; a Summit County Indictment alleging two counts of rape, one count of kidnaping, one count of aggravated robbery, and one count of felonious assault; a notice of parole violation hearing; and an institutional summary report. Relaying the events which resulted in the convictions, the State informed the trial court appellant preceded to the residence of a friend on February 9, 1975. Appellant arrived at his friend's home and discovered his friend was away from the residence, but his friend's wife was present. Subsequently, appellant forced his friend's wife, at knife point, to have sexual intercourse with him. The State also informed the trial court appellant was paroled in 1979. Sometime while on parole between April, 1979, and October, 1979, appellant committed another offense of rape and felonious assault. The State advised the trial court appellant was nineteen years old at the time of the offenses, and was able to make his way into his victim's home through his friendship with her husband.
The trial court noted the record did not indicate any use of drugs or alcohol by appellant during the offenses, did not indicate whether appellant had availed himself to any programs for sexual offenders while incarcerated, and did not indicate appellant had any mental illness. Upon completion of the hearing, the trial court adjudicated appellant a sexual predator. The trial court memorialized its decision in a Judgment Entry filed May 24, 2000.
It is from this judgment entry appellant prosecutes his appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTOR GROUNDS.
 II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
 III. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
 IV. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 I, II, III
Appellant's first, second, and third assignments of error are overruled on the authority of State v. Cook (1998), 83 Ohio St.3d 404; and Statev. Williams (2000), 88 Ohio St.3d 513. See, also this Court's decision inState v. Albaugh (Feb. 1, 1999), Stark App. Nos. 1997CA00167 and 1997CA00222, unreported.
 IV
In his fourth assignment of error, appellant maintains the trial court's adjudication of him as a sexual predator is not supported by clear and convincing evidence. Specifically, appellant contends the State only proved he was a sexual offender, but did not present any evidence to support a finding of a likelihood to reoffend.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
As set forth supra, the State presented numerous exhibits. The undisputed facts gleamed from these exhibits, as well as the entire record in this case, establish appellant, through his friendship with the victim's husband, gained access into the victim's home. Once inside, appellant sexually assaulted the victim at knife point. Appellant was convicted and sentenced for the offenses arising from this attack. After serving approximately four years of the sentence, appellant was paroled, but was arrested and charged on similar offenses within six months. There is nothing in the record to demonstrate appellant has made any strides to change or address his sexual behaviors. We find these facts mitigate in favor of the trial court's decision. Accordingly, we find the trial court's classification of appellant as a sexual predator is supported by competent, credible evidence, and is not against the manifest weight of the evidence.
Appellant's fourth assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
 _________________ Hoffman, P.J.
Farmer, J. and Boggins, J. concur