CLARK, Appellee,

v.

BOARD OF COMMISSIONERS, GREENE COUNTY
COMBINED HEALTH DISTRICT, Appellant.

[Cite as *Clark v. Bd. of Commrs., Green Cty. Combined
Health Dist.*, 158 Ohio App.3d 492, 2004-Ohio-5276.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 04CA0027.

Decided Sept. 30, 2004.

David W. Cox, for appellee.

Thomas C. Miller, Assistant Prosecuting Attorney, for appellant.

GRADY, Judge.

{¶ 1} This is an appeal from a judgment of the court of common pleas in an appeal to that court brought pursuant to R.C. Chapter 2506 from a decision of an administrative agency.

{¶ 2} The agency had denied a variance from a regulation requiring a homeowner to connect to a municipal sewage disposal system. The court found that the denial was unsupported by the record and reversed it, ordering the agency to grant the variance.

{¶ 3} On review, we find that the trial court abused its discretion, and on that basis we will reverse and remand the case for an order in favor of the agency in the R.C. Chapter 2506 appeal from its decision.

{¶ 4} Appellee, Thomas D. Clark, owns real property situated in Bath Township in Greene County. In November 2001, the house on the property burned down. Desiring to reconstruct it, Clark inquired of the nearby city of Fairborn whether he might connect to its municipal water and sewer system.

{¶ 5} Clark was told that Fairborn's water service was available for connection nearby, but that the closest available sewer service connection was 500 feet from his property, that the cost of extending it would be approximately $18,000, and that Clark would have to pay that cost. However, he was further advised that sewer service might extend closer to his property when certain street improvements were made later in the year.

{¶ 6} Clark rejected both connection options and decided instead to drill a well on his property for water and to install a septic system for sewage. Clark obtained the necessary permit to construct and install the septic system from appellant, the Greene County Combined Health District ("GCCHD"). He then purchased 21 tons of gravel for a leach bed, and the gravel was delivered to his property.

{¶ 7} Before work to install Clark's septic system commenced, the city of Fairborn extended its sewer line to a point in front of his property. Learning of this, GCCHD revoked Clark's permit to install a septic system and told Clark that he was now subject to its requirement that he connect to Fairborn's sewer service because it had become accessible for connection. Clark was also told that to avoid that connection and install a septic system instead, he must seek and obtain a variance from its connection regulation from GCCHD.

{¶ 8} Clark sought the variance, and it was denied by GCCHD. Clark filed an R.C. Chapter 2506 appeal of that decision in the court of common pleas.

{¶ 9} The common pleas court found that the Fairborn connection was not accessible to Clark, but was only conditionally accessible, because Fairborn had not yet approved an application from Clark to connect, and its approval of his application was conditioned on Clark's agreement to annex his property to the city of Fairborn. The court reversed the GCCHD decision and ordered the agency to issue the permit Clark needed in order to install the septic system. GCCHD filed a timely notice of appeal.

## Assignment of Error

{¶ 10} "The trial court abused its discretion and incorrectly substituted its judgment for that of the board of health commissioners in reversing appellant's order denying the appellee's request for a variance."

■ {¶ 11} "The courts of common pleas are authorized by R.C. 2506.01 to review the orders and decisions of administrative boards and tribunals. R.C. 2506.04 governs the court's review and provides:

{¶ 12} " 'The court may find that the * * * decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the * * * decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings [or] opinion of the court. * * *'

■ {¶ 13} "The common pleas court must affirm the agency's * * * decision unless the court finds it is deficient on one of the grounds listed in R.C. 2506.04. *Town Ctr. Dev. Co. v. Cleveland* (1982), 69 Ohio St.2d 640, 23 O.O.3d 524, 433 N.E.2d 227. The judgment of the court of common pleas may be appealed in turn to the court of appeals on questions of law. An appeal on questions of law is the review of a case on questions of law only, which includes questions of the weight and sufficiency of the evidence. R.C. 2505.01(B) [sic; R.C. 2505.01(A) ]. Judgments supported by some competent, credible evidence

going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578." *Minoughan v. Kettering* (1999), 133 Ohio App.3d 833, 834–835, 729 N.E.2d 1252.

{¶ 14} The trial court found that GCCHD's denial of the variance Clark sought was unreasonable and unsupported by a preponderance of substantial, reliable, and probative evidence on the record on a whole because the accessibility to Clark of the Fairborn sewer service connection was conditional. As discussed below, connection may be required only if a connection point is reasonably accessible. The trial court necessarily concluded, therefore, that the conditions Clark had to satisfy in order to obtain the connection GCCHD would require rendered the connection opportunity not accessible. R.C. 3709.01 mandates creation of health districts, including "general health districts" established pursuant to R.C. 3709.052. GCCHD was formed pursuant to R.C. 3709.052.

{¶ 15} The duties of health districts are set out in R.C. 3709.22. That section provides that health districts "may * * * provide for the inspection and abatement of nuisances dangerous to public health or comfort, and may take such steps as are necessary to protect the public health and to prevent disease." R.C. 3701.56 further states: "Boards of health of a general or city health district * * * shall enforce the quarantine and sanitary rules and regulations adopted by the department of health."

{¶ 16} Pursuant to authority conferred by R.C. 3701.03, the Ohio Department of Public Health has adopted the following regulation: "Whenever a sanitary sewage system becomes accessible to the property, a household sewage system shall be abandoned and the house sewer directly connected to the sewage system." Ohio Adm.Code 3701–29–02(M). Acting pursuant to that charge, boards of health and health districts may require property owners to abandon household sewage disposal systems and to connect to a sanitary sewer system upon a finding that it is accessible for connection, without determining in the particular case that an alternative or existing household sewage system is a nuisance or a potential danger to the public health. *DeMoise v. Dowell* (1984), 10 Ohio St.3d 92, 10 OBR 421, 461 N.E.2d 1286.

{¶ 17} GCCHD directed Clark to connect his household sewage system to a sewer line that Fairborn had extended to the front of his property. The common pleas court vacated the order pursuant to R.C. 2506.04, holding that the predicate finding by GCCHD that the Fairborn sewer line was accessible to Clark is unreasonable and unsupported by a preponderance of the substantial, reliable, and probative evidence. More specifically, the court found that Clark's access to the line is conditional only, because it requires the city of Fairborn's agreement, a matter over which GCCHD has no control.

{¶ 18} We agree that GCCHD has no authority to control the actions or decisions of the city of Fairborn. However, GCCHD does have authority over how Clark uses his property in this respect. Therefore, the issue is whether, by withholding whatever action he might be required to take in order to connect to the Fairborn line, Clark may impose a condition that defeats the authority conferred by law on GCCHD.

{¶ 19} Two actions are required of Clark in order to connect. The second, after the first is successful, is to spend the money that connection requires. Those expenditures are not burdensome in their amount. They are, in fact, far less than the alternative septic system would cost. Clark's principal complaint in this regard seems to be that he has spent money to obtain the alternative, purchasing 21 tons of gravel for a septic system, relying on the permit GCCHD had given him.

{¶ 20} We agree that Clark's plight is unfortunate, but it subjects Clark to no more onerous a burden than is imposed on any other homeowner who must abandon an existing sewage system in order to connect. Indeed, it appears that GCCHD made Clark aware of that prospect when it granted his permit. That Fairborn extended its line to Clark's property in the interim appears to have been a surprise to both GCCHD and Clark.

{¶ 21} The first action Clark must take in order to connect is to apply to Fairborn for permission to connect to the Fairborn line. Fairborn requires applicants to consent to allow their property to be annexed to Fairborn should the city elect to pursue annexation. The consent requirement appears to be Clark's other principal complaint. He argues that he "has the constitutional right to refuse to abstain from agreeing to or voting for any annexation of his property."

{¶ 22} How the state is organized into political subdivisions is a matter for the General Assembly to determine. Pursuant to laws it has promulgated, lands located in unincorporated areas may be annexed into municipal corporations if certain requirements are satisfied, and one of those is that the annexation is with the consent of the owner or owners of the land concerned.

{¶ 23} Clark is correct that, as a landowner or one of a group of landowners, he may not be required to consent to or vote in favor of an annexation proposal. However, it is also well settled that municipal corporations may condition the availability of municipal water and sewer services they provide on annexation of the land served to the municipal corporation, so long as the condition is not unreasonable, arbitrary, or capricious and bears a legitimate and rational relationship to the health, safety, and welfare of its citizens. *Shipman v.*

*Lorain Cty. Bd. of Health* (1979), 64 Ohio App.2d 228, 18 O.O.3d 172, 414 N.E.2d 430.

{¶ 24} The trial court did not find Fairborn's annexation condition unreasonable, arbitrary, or capricious. Indeed, because septic systems are inherently a potential hazard to the public health, *DeMoise,* a municipality acts reasonably when it acts to rid them from adjoining lands in this way, even though other interests of the municipality might also be served by annexation. Therefore, we cannot find that Fairborn has misused its authority in requiring owners of adjoining lands to consent to annex as a condition of providing sewer service.

{¶ 25} This diminishes the conditional nature of the accessibility to Clark of the Fairborn sewer line to but two conditions: Fairborn's willingness to allow the connection, and Clark's application for the service. Fairborn's willingness to allow connection is not questioned; it would not have run the line to Clark's property otherwise. Clark may yet refuse to make the application, as is his right, but in doing so he risks a nuisance-abatement action that GCCHD is authorized by R.C. 3709.22 to institute should Clark attempt to occupy the house he intends to build on his property while it is served by a septic system. That has not happened, of course, but the burden of that risk is on Clark. It does not operate to constrain, and cannot constrain, the legislative authority conferred on GCCHD that it has acted to enforce in this instance.

{¶ 26} The trial court abused its discretion when it found that sewer service available from the city of Fairborn is not accessible to Clark for connection and erred when it vacated the order of GCCHD requiring connection and remanded the case to GCCHD to reissue its prior permit for a septic system on Clark's property. That judgment is vacated, and the case is remanded to the trial court to enter an order affirming the connection order from which Clark had appealed pursuant to R.C. Chapter 2506.

Judgment reversed<br/>and cause remanded.

WOLFF, J., concurs.

FAIN, P.J., dissents.

FAIN, Presiding Judge, dissenting.

{¶ 27} I would affirm the judgment of the trial court.

{¶ 28} I agree that Clark has no right to require Fairborn to provide him with sewer service, so that Fairborn may require him, as a reasonable condition of providing sewer service, to agree that his property may be annexed by the city of Fairborn, at any time in the future when the city may wish to annex it, regardless

of the political and economic circumstances then prevailing. Clark's open-ended agreement to annexation is, nevertheless, a condition. The fact that the condition is reasonable doesn't render it nonexistent.

{¶ 29} In my view, the trial court reasonably concluded that the Fairborn sewer system was not "accessible" to Clark's property within the meaning of Ohio Adm.Code 3701–29–02(M), when the evidence established that Clark could not gain access to the Fairborn sewer system without surrendering his political right not to consent to having his residential property be annexed to Fairborn, thus making him a resident of Fairborn. Because I find no abuse of discretion in the trial court's interpretation of Ohio Adm.Code 3701–29–02(M), I would overrule the board's sole assignment of error and affirm the judgment of the trial court.