OPINION
{¶ 1} Defendant-Appellant, Gregory P. Rodriguez, appeals from a judgment of the Tiffin Municipal Court, finding Rodriguez liable to Plaintiff-Appellee, Mary Beard, in the amount of $793.70. Rodriguez claims that the trial court erred in denying his motion for a continuance. He also claims that the trial court's judgment is not supported by sufficient evidence. After reviewing the entire record, we find that the trial court did not abuse its discretion by denying Rodriguez's motion for a continuance and that the judgment is supported by some competent and credible evidence. Accordingly, Rodriguez's assignment of error is overruled, and the judgment of the trial court is affirmed.
 {¶ 2} In early 2004, Rodriguez was renting an apartment in Tiffin, Ohio from Beard. In April of 2004, Beard filed a complaint against Rodriguez in Tiffin Municipal Court, seeking recovery for damages he had caused to the rental property.
 {¶ 3} The matter was scheduled for a hearing on June 11, 2004; however, on June 8, 2004, Rodriguez filed a motion for a continuance. This motion was granted by the trial court that same day, and the matter was rescheduled for a hearing on July 14, 2004. The morning of July 14, 2004, Rodriguez filed another motion for a continuance, claiming that he was experiencing difficulties with his car and was unable to procure transportation to the court house. The trial court denied this motion and proceeded to conduct the hearing on Beard's complaint without Rodriguez. Subsequently, the trial court found that Rodriguez was liable to Beard in the amount of $793.70 for damages he had caused to her rental property. Rodriguez appeals from this judgment, presenting one assignment of error for our review.
 Assignment of Error Trial court erred in not granting Defendant's request for continuancewhen the Defendant informed the Court that he was unable to attend due tocircumstances beyond his control and, further, the trial court erred infinding Defendant liable to Plaintiff for damages without evidence thatthe Defendant was the cause of the damages.
 {¶ 4} In his sole assignment of error, Rodriguez puts forth two arguments. His first argument is that the trial court abused its discretion by not granting his second motion for a continuance. His second argument is that the trial court's judgment was not supported by sufficient evidence.
 Motion for a Continuance {¶ 5} The decision to grant or deny a continuance motion is a matter within the sound discretion of the trial court and will only be disturbed on appeal if there has been an abuse that discretion. Graham v. AudioClinic, 3rd Dist. No. 5-04-35, 2005-Ohio-1088, at ¶ 26, citing State v.Marine, 141 Ohio App.3d 127, 133, 2001-Ohio-2147. In determining whether a trial court has abused its discretion in granting or denying such a motion, an appellate court must apply a balancing test. Id. "In evaluating a motion for a continuance, a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." Graham at ¶ 26, quoting Marine,141 Ohio App.3d at 133-134.
 {¶ 6} Rodriguez requested the continuance because his vehicle broke down the day of the trial, and he had no other mode of transportation to the court house. Thus, he had a legitimate reason for the delay that arose under circumstances to which he did not contribute. However, he had already been granted a continuance once, and his second motion for the continuance came the morning of the hearing. The inconvenience to the trial court and Beard would have been great, especially considering the timing of his motion.
 {¶ 7} After considering all of the relevant factors, we can not say that the trial court abused its discretion by denying Rodriguez's motion for a continuance. Therefore, we find that Rodriguez's first argument is without merit.
 Sufficiency of the Evidence {¶ 8} In a civil case, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Cons. (1978), 54 Ohio St.2d 279,280-281.
 {¶ 9} Beards' claims against Rodriguez were based on damage she claimed that he had caused to her rental property. At trial, she presented a detailed list of the damage he had caused along with receipts for the items she had replaced and estimates for the necessary repair work. After reviewing all of the evidence in the record, we find that the trial court's judgment was supported by some competent and credible evidence. Accordingly, Rodriguez's second argument is without merit as well.
 {¶ 10} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Cupp, P.J., and Shaw, J., concur.