OPINION
{¶ 1} Defendant-appellants Russell George and Joyce Scott-George (hereinafter "the Georges") appeal from a decision of the Montgomery County Court of Common Pleas in which judgment was rendered in favor of Plaintiff-appellee Innovative Home Buying Solutions, Inc. (hereinafter "Innovative").
 {¶ 2} The instant case originated in Dayton Municipal Court as an action for eviction for failure to pay rent filed by Innovative against the Georges. The Georges filed counterclaims for breach of contract and violations of the Ohio Consumer Sales Practices Act (hereinafter "OCSPA"). The case was removed to the Montgomery County Court of Common Pleas because the Georges' counterclaims exceeded the jurisdictional limit of the municipal court.
 {¶ 3} Following a trial held on April 26, 27, and 28, 2004, the jury returned a verdict wherein they found that Innovative had misrepresented certain terms in the lease for the rental property and the lease, itself, contained some unenforceable and unconscionable terms. Pursuant to the terms of the OCSPA, the jury awarded the Georges damages in the amount of $1,400.00.
 {¶ 4} However, the jury also found that the Georges had breached the lease agreement and awarded damages to Innovative in the amount of $9,661.36 based on the Georges' failure to pay any rents during their tenancy. The Georges argue that the trial court erred by enforcing the terms of the lease against them. In light of the alleged misrepresentations made by Innovative, the Georges assert that the trial court should have refused to enforce the lease pursuant to express terms of the OCSPA. Thus, they should not be held responsible for any rents due under the rental agreement.
 {¶ 5} Because we find the Georges' sole assignment of error to be without merit, the judgment of the trial court is affirmed.
 I {¶ 6} The Georges' sole assignment is as follows:
 {¶ 7} "THE TRIAL COURT ERRED BY AWARDING APPELLEE DAMAGES UNDER THE TERMS OF THE SUBJECT LEASE."
 {¶ 8} With respect to the rental agreement, the jury was provided with a number of interrogatories that explain the basis of the $1,400.00 award to the Georges. The jury found the following: 1) the terms of the lease had been misrepresented by Innovative (Interrogatory No. 5); 2) the lease contained a waiver of jury trial which is contrary to law (Interrogatory No. 6); 3) the lease contained a provision requiring the payment of attorney's fees in violation of the Landlord Tenant Law (Interrogatory No. 7); 4) Innovative misrepresented its efforts to obtain financing for the Georges (Interrogatory No. 13); 5) Innovative made an improper credit notation on the Georges' credit report (Interrogatory No. 18); 6) Innovative obtained the Georges' signatures on incomplete documents and then filled in the material terms after the fact (Interrogatory No. 20); and 7) the deceptive acts committed by Innovative were done so knowingly (Interrogatory No. 29). The jury found that as a result of these deceptive acts committed by Innovative, the Georges suffered no damages. Pursuant to the terms of the OCSPA, the jury awarded the Georges $200.00 for each infraction, for a total of $1,400.00.
 {¶ 9} It is worthy of note that Innovative argues that the jury improperly awarded statutory damages to the Georges on Interrogatory Nos. 5, 6, and 7 under the OCSPA. At the trial level, Innovative filed a Judgment Notwithstanding the Verdict in which it contended that the OCSPA does not apply to leasing transactions. Innovative asserted that the proper basis on which to premise liability for breach of a lease agreement would have been under the Landlord Tenant Law. The trial court overruled the JNOV motion, but based on the small amount of money involved, Innovative has chosen not to contest this issue on appeal.
 {¶ 10} As previously stated, however, the jury found that the Georges still owed $9,661.36 to Innovative for back rent due on the lease agreement. The Georges contend that because the jury determined that the lease agreement contained unconscionable provisions under the OCSPA, the trial court erred when it found that Innovative was entitled to the unpaid rent.
 {¶ 11} "Unconscionability is not a concept at all, but instead a determination made in light of a variety of factors." Orlett v. SuburbanPropane (1989), 54 Ohio App.3d 127, 129, 561 N.E.2d 1066, citing, White Summers, Uniform Commercial Code (3 Ed. 1988), 203-204, Section 4-3. It is the sheer harshness of contractual terms together with unequal bargaining positions which renders certain consumer contracts suspect and worthy of judicial revision.
 {¶ 12} Unconscionability is generally recognized to include an absence of meaningful choice on the part of one of the parties to a contract, combined with contract terms that are unreasonably favorable to the other party. Collins v. Click Camera Video, Inc. (1993), 86 Ohio App.3d 826,834, 621 N.E.2d 1294, citing Orlett, supra, 54 Ohio App.3d at 129.
 {¶ 13} "Unconscionability thus embodies two separate concepts: 1) unfair and unreasonable contract terms, i.e., `substantive unconscionability,' and 2) individualized circumstances surrounding each of the parties to a contract such that no voluntary meeting of the minds was possible, i.e., `procedural unconscionability.' These two concepts create * * * a two-prong test of unconscionability. One must allege and prove a `quantum' of both prongs in order to establish that a particular contract is unconscionable." Collins, supra, citing White Summers, Uniform Commercial Code (3 Ed. 1988), 219, Section 4-7.
 {¶ 14} Pursuant to R.C. § 1302.15(A), if a contract or provision in a contract is found to be unconscionable at the time the contract was executed, a court may choose to either refuse to enforce the contract, enforce the contract without the unconscionable portion, or limit the application of the unconscionable portion in order to avoid an unconscionable result. In the instant case, the jury obviously decided to enforce the terms of the lease against the Georges notwithstanding any deceptive or unconscionable behavior on the part of Innovative. The trial court properly affirmed the verdict rendered by the jury.
 {¶ 15} The Georges argue that the trial court should have elected to refuse to enforce the contract. Other than their bare assertion in this regard, the Georges fail to provide us with any evidence from the record that demonstrates that the verdict reached by the jury was incorrect. By limiting their application or removing them entirely, R.C. § 1302.15(A) clearly allows a factfinder to enforce a contract with unconscionable terms or provisions. That is what the jury did in the case before us. It should be noted that other than the interrogatories signed by the jury, the Georges also failed to provide us with a trial transcript so that we could independently determine whether the verdict reached was supported by some competent, credible evidence.
 {¶ 16} As the Supreme Court held in C.E. Morris v. Foley ConstructionCo. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus:
 {¶ 17} "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."
 {¶ 18} Further, in reviewing a judgment, a court of appeals is to "be guided by a presumption that the findings of the trier of fact were indeed correct." Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80, 461 N.E.2d 1273. Simply put, the Georges have provided us with no basis upon which we should reverse the judgment of the trial court. Thus, we must assume that the verdict reached by the jury was correct, and the Georges are liable for the entire amount of back rent due on the leased property despite any unconscionable or deceptive acts on the part of Innovative.
 {¶ 19} Lastly, the Georges contend that the lease is void both on the basis of Innovative's material misrepresentations and that the lease is against public policy. Although the jury found that Innovative had misrepresented certain aspects of the lease, they also found that the Georges had suffered no real damages as a result of said misrepresentations. Thus, the Georges were only entitled to the statutory minimum damage award pursuant to the OCSPA. Other than the Georges' assertion that the lease is void for the aforementioned reasons, they provide us with no evidence from the record to support their position. The fact that the jury found that the Georges suffered no real damages undermines their contention that the lease should not be enforced.
 {¶ 20} The Georges' sole assignment of error is overruled.
 II {¶ 21} The Georges' sole assignment of error having been overruled, the judgment of the trial court is affirmed.
Brogan, P.J. and Young, J., concur.
(Hon. Frederick N. Young retired from the Second District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).