OPINION *Page 2 
{¶ 1} On July 24, 2006, appellee, the Licking County Department of Job and Family Services, filed a motion for permanent custody of Kyle Cain born May 15, 2004, alleging the child to be dependent. Mother of the child is appellant, Virginia Kinney Moran; father is Todd Cain. A hearing before a magistrate was held on October 17, 2006. Appellant stipulated to a finding of dependency. By decision filed December 5, 2006, the magistrate found Jeffrey to be a dependent child, and recommended permanent custody of the child to appellee. The trial court approved and adopted the magistrate's decision on same date. Appellant never filed objections to the magistrate's decision.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 3} "THE JUDGMENT ENTRY GRANTING PERMANENT CUSTODY TO THE AGENCY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I {¶ 4} Appellant claims the trial court erred in granting permanent custody of the child to appellee. We disagree.
 {¶ 5} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential *Page 3 
elements of the case will not be reversed as being against the manifest weight of the evidence. CE. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
 {¶ 6} R.C. 2151.414(E) sets out the factors relevant to determining permanent custody. Said section states in pertinent part as follows:
 {¶ 7} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 8} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties. *Page 4 
 {¶ 9} "(2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section2151.353 of the Revised Code;
 {¶ 10} "(11) The parent has had parental rights involuntarily terminated pursuant to this section or section 2151.353 or 2151.415 of the Revised Code with respect to a sibling of the child.
 {¶ 11} "(16) Any other factor the court considers relevant."
 {¶ 12} R.C. 2151.414(B) enables the court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child. R.C. 2151.414(D) sets out the factors relevant to determining the best interests of the child. Said section states relevant factors include, but are not limited to, the following:
 {¶ 13} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 14} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 15} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or *Page 5 
private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 16} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 17} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 18} Catherine Weber, the ongoing case worker, testified she first became involved with appellant in September of 1997 regarding her son Marcus. T. at 68. On November 30, 1998, appellee was granted permanent custody of Marcus. T. at 69. Prior to Marcus being removed, appellant had lost the permanent custody of another child in Franklin County, Ohio. T. at 71. Ms. Weber again became involved with appellant when Kyle was born due to appellant's history. T. at 72. A case plan was developed for appellant and Mr. Cain. Id. Appellant was successful in completing the case plan, Kyle was returned, and the case was closed sometime in 2005. T. at 73. Ms. Weber opined together, appellant and Mr. Cain could meet minimal standards of care. T. at 79. Ms. Weber was re-assigned in August of 2006, and another case plan was filed. T. at 75. From the time the case was closed to August, 2006, Ms. Weber testified the following occurred:
 {¶ 19} "[B]oth parents were abusing alcohol, Todd was allegedly abusing crystal meth, their relationship had ended in turmoil, Kyle was being physically abused, Kyle was being left for extended periods of time with caregivers that they didn't even know *Page 6 
very well and that were not appropriate, Kyle was left with a sex offender, and Virginia has remarried someone new." T. at 78.
 {¶ 20} Ms. Weber testified appellee has had intense involvement with the family over several years, and all services have been exhausted. T. at 77-78. Ms. Weber had concerns about appellant parenting independently. T. at 79. Ms. Weber opined appellant "gets very preoccupied and lives in a very grandiose world that is not reality-based. * * * [T]here's a lot of falsehoods that take place * * * in my conversations with her and it's hard to get a grasp on where she's functioning." T. at 81. Appellant's new husband, Mark Moran, "is very low functioning" and unable to "actively engage in a conversation regarding Kyle's needs." T. at 80. Ms. Weber testified she has had limited contact with Mr. Cain, and he has not visited the child. T. at 84-85.
 {¶ 21} Carla Steiner, a visit coordinator for appellee, testified appellant missed several visitations with Kyle because she did not treat her hair for lice as instructed. T. at 13-18. Appellant last visited with Kyle on August 15, 2006. T. at 18.
 {¶ 22} The guardian ad litem recommended permanent custody. T. at 174.
 {¶ 23} As noted by the magistrate, appellant clearly loves her son. T. at 175; Decision filed December 5, 2006. However, appellant has lost custody of two other children, and has exhausted all available services without effecting a significant change.
 {¶ 24} Upon review, we find sufficient, competent and credible evidence in the record to support the trial court's findings by clear and convincing evidence, and find the trial court did not err in determining the best interests of the child was best served by terminating the parental rights and granting permanent custody to appellee.
 {¶ 25} The sole assignment of error is denied. *Page 7 
 {¶ 26} The judgment of the Court of Common Pleas of Licking County, Ohio, Juvenile Division is hereby affirmed.
Farmer, J., Hoffman, P.J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, Juvenile Division is affirmed. *Page 1