OPINION
Appellant Renee Layne [hereinafter appellant] appeals the October 26, 2000, Judgment Entry of the Stark County Court of Common Pleas, Family Court Division, which granted permanent custody of her minor children Franklin, Tabatha, Elisha, Samantha, Matthew and Danyale Layne to the Stark County Department of Jobs and Family Services [hereinafter SCDJFS].
 STATEMENT OF THE FACTS AND CASE
On September 17, 1999, the SCDJFS, formerly known as the Stark County Department of Human Services, filed a Complaint under case number JU108738. The Complaint alleged that Franklin Layne, dob 10-13-85, was an abused child and that Tabatha Layne, dob 9-19-87, Elisha Layne, dob 6-23-92, Samantha Layne, dob 1-28-94, Matthew Layne, dob 11-11-95 and Danyale Layne, dob 11-20-98, were dependent children. The SCDJFS requested emergency temporary custody over Franklin in a pre-disposition order and protective supervision of the remaining children. On October 13, 1999, a Shelter Care hearing was conducted and the six children involved in this case were ordered into the emergency temporary custody of the SCDJFS. However, the case was dismissed and refiled due to the lack of time to take depositions and conflicts in the attorneys' schedules. A new Complaint was filed on December 8, 2000, and emergency orders were stipulated to by the parties, under the current case number. The Complaint alleged that the children were dependent, neglected and abused. On December 9, 1999, the trial court found probable cause for the emergency temporary custody of all six of the children and ordered a no contact order against Harry Green. An adjudicatory hearing was held on February 22, 2000, regarding the concerns of inappropriate placement of Franklin with Harry Green, a virtual stranger, in Virginia and the poor living conditions of the family home. The trial court granted an SCDJFS motion to amend the Complaint to dependency and neglect and permitted the parties to stipulate to a finding of neglect for Franklin and dependency for the other children. By Judgment Entry filed February 23, 2000, the trial court entered a finding of neglect regarding Franklin and a finding of dependency as to the other children. The children were ordered into the temporary custody of SCDJFS. Further, the trial court ordered that the parents submit to psychological evaluations. During a March 3, 2000, review, the trial court approved and adopted the case plan objectives for appellant which included, completion of a psychological evaluation by Human Development Counseling Associates and completion of parenting classes at Goodwill. This case plan was later modified to include Parenting Effectiveness Training [hereinafter PET] and Minority Developmental Services parenting program, due to appellant being terminated from the Goodwill parenting classes. The case plan also required that appellant cooperate with SCDJFS, seek employment, pay all household bills and maintain a clean and safe home environment. On August 2, 2000, SCDJFS filed a motion to extend temporary custody for six months. A hearing on the motion was scheduled for August 25, 2000. A review hearing was held on August 10, 2000. The trial court ordered the status quo for temporary custody to continue and approved and adopted the case plan review packet. On August 15, 2000, SCDJFS filed a motion for permanent custody. On August 25, 2000, the trial court permitted SCDJFS to withdraw its motion to extend temporary custody due to its subsequent filing for permanent custody. A permanent custody trial and a best interests hearing were both held on October 16, 2000. On October 26, 2000, the trial court granted SCDJFS's motion for permanent custody of the Layne children. Appellant timely appealed the trial court's Judgment Entry, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 THE TRIAL COURT COMMITTED ERROR WHEN IT GRANTED STARK COUNTY DEPARTMENT OF HUMAN SERVICES [SIC] MOTION FOR PERMANENT CUSTODY AND TERMINATED THE PARENTAL RIGHTS OF THE APPELLANT BECAUSE THE DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
ASSIGNMENT OF ERROR II
 THE TRIAL COURT COMMITTED ERROR WHEN IT TERMINATED THE PARENTAL RIGHTS OF THE APPELLANT CONCLUDING THAT ALL SIX CHILDREN HAVE BEEN PLACED OUTSIDE OF THE HOME IN THE TEMPORARY CUSTODY OF THE STARK COUNTY DEPARTMENT OF HUMAN SERVICES FOR MORE THAN TWELVE MONTHS WITHIN A CONSECUTIVE TWENTY TWO MONTH PERIOD FOR THE PURPOSE OF O.R.C. 2141.414(E)(1).
This case comes to us on the accelerated calender.
 I
In the first assignment of error, appellant contends that the trial court's decision to grant SCDJFS', formerly known as Stark County Department of Human Services, motion for permanent custody, thereby terminating the parental rights of appellant, is against the manifest weight of the evidence. Specifically, appellant contends that the trial court's finding that the children cannot be placed within a reasonable time with either parent or should not be placed with either parent is not supported by clear and convincing evidence. Appellant contends that she substantially completed all of the relevant case plan objectives. We disagree. We are not fact finders. We neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. V. Foley Construction (1978), 54 Ohio St.2d 279,376 N.E.2d 578. A trial court may grant permanent custody of a child to an agency if the trial court determines that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent and determines that the permanent commitment is in the child's best interests. R.C. 2151.414(B)(1)(a). Since appellant challenges the trial court's finding that the children could not or should not be placed with appellant, we need not address issues concerning the father of the children or the trial court's finding that the grant of permanent custody to SCDJFS is in the childrens' best interests. In determining whether a child cannot or should not be placed with either parent, the trial court is to determine if one or more of the criteria listed in R.C. 2151.414(E) were proven by clear and convincing evidence. In relevant part, the criteria include the following: (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties. . .;
(2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section2151.353 of the Revised Code;. . .
(16) Any other factor the court considers relevant.
R.C. 2151.414(E).
At the October 16, 2000 hearing, sufficient competent, credible evidence was adduced to support the grant of permanent custody of the children, although appellant was able to make partial progress towards the case plan. Appellant's case plan included three main goals pertaining to appellant, the mother: 1) completion of the Goodwill parenting program; 2)improve housing conditions to allow for a safe, hazard-free environment; and 3) psychological evaluation. Colleen Miller, parenting skills supervisor at Goodwill Industries, testified that appellant first enrolled in the Goodwill Parenting program in 1996. TR 21. Despite being enrolled a total of five times since 1996, appellant has not completed the program. Appellant was described as showing minimal motivation. TR 22. After her fifth and most recent attempt to complete the program, appellant was terminated when she quit coming to the classes. TR 23. Appellant was not permitted to re-enroll after her final termination. When appellant was unable to return to the Goodwill Parenting program after her fifth and final termination from the program, appellant's case plan was modified to permit appellant to attend an alternative parenting program, Minority Developmental Services of Stark County, and the Parenting Effectiveness Training [hereinafter PET]. Ordinarily the Minority Developmental Services program is completed in nine weeks. However, appellant was in her tenth week because she had missed some classes. TR 37. At the time of the hearing, appellant had not yet completed the program but may have been in her final week of the program. TR 38 71. A report regarding appellant's participation in the program indicated her attendance but did not include indications of appellant's progress or reference whether or not appellant was successful in the program. TR 42. As to PET, appellant had begun the program one week before trial and there was no progress report received at the time of the hearing. TR 71. Jennifer Palla-Hamilton, a family service ongoing worker for SCDJFS, assigned to the Layne children, testified that during visitations with the children appellant had difficulty with discipline of the children. As visits progressed, appellant brought fewer children to each session to give appellant a better chance to maintain control and distribute her attention. TR 83. The case plan required cooperation with the Health Department for a home inspection and to follow resulting recommendations. TR 69. However, neither appellant nor the father of the children had contacted the Health Department at the time of the hearing to schedule an inspection. TR 70. The caseworker assigned to the case since April, 2000 testified that she had been to the Layne home twice. While she found a strong odor of animal urine, she found the house relatively clean. TR 75. Testimony showed that while there were some problems with the home situation, such as some missing windows, screens and ceiling tile, the situation was not so bad as to cause removal of the children. Testimony showed that rent and utilities were paid and current. Tr. 88 Appellant's case plan also required her to obtain a psychological evaluation at Human Development Counseling Associates. Appellant complied and underwent an evaluation by Dr. Gerald Bello. As to appellant, Dr. Bello testified that although she was bright with some social insight, she exhibited some denial tendencies and strong dependency needs. TR 56. Although not included in his written report, Dr. Bello testified that the parents needed therapy intervention and some learned parenting skills before any reunification should be attempted. TR 62 64. Appellant's employment was inconsistent. Appellant was employed at Country Kitchen and then at Sugardale Meats. However, due to a concern over the job environment, appellant returned to the Country Kitchen. Appellant was then unemployed from July 4, 2000, weekend until she began working at Appleby's Restaurant in Alliance a week or two before the trial, when the new Appleby's Restaurant opened. A guardian ad litem was appointed for the children. The guardian recommended to the trial court that it grant the Motion for Permanent Custody. While we acknowledge that appellant made some progress on her case plan, this court has upheld permanent custody findings despite evidence in the record of partial progress. In re Mauzy Children (Nov. 13, 2000), Stark App. No. 2000CA00244, unreported, 2000 WL 1700073 (citing In re Bunting Children (Oct. 13, 1998), Stark App. No. 97CA0381, unreported). We find that the record presents sufficient competent, credible evidence to support the trial court's finding that the children cannot be placed with appellant at this time or within a reasonable time or should not be placed with appellant and that the finding is not against the manifest weight of the evidence. Appellant's first assignment of error is overruled.
 II
In her second assignment of error, appellant argues that the trial court erred when it found that the children had been in the temporary custody of SCDJFS for twelve months within a consecutive twenty-two month period, pursuant to R.C. 2151.414(E)(1). While we find that the trial court did erroneously find that the children had been in the temporary custody of SCDJFS for twelve months within a consecutive twenty-two months, we find the error to be harmless. Appellant seems to contend that permanent custody may be granted to an agency only after a child has been in temporary custody of an agency for at least twelve months within a twenty-two month consecutive period. We find this to be a misreading of R.C. 2151.414(B)(1). The statute provides four alternatives, any of which can independently support a grant of permanent custody: Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
(b) The child is abandoned.
(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
R.C. 2151.414(B)(1) (Emphasis added). In the case sub judice, the trial court made a finding that the children could not be placed with either of their parents within a reasonable period or should not be placed with either parent, despite reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems which initially caused the children to be placed outside of the home. This is a finding made pursuant to R.C. 2151.414(B)(1)(a). A grant of permanent custody made pursuant to that subsection does not require a finding that the children have been in the agency's temporary custody for any given period of time. Revised Code section R.C. 2151.414(B)(1)(a) authorizes a trial court to grant permanent custody when a child is not abandoned, not orphaned or has not been in the temporary custody of an agency for twelve or more months in a twenty-two consecutive month period, if the child cannot be placed with a parent within a reasonable period of time or should not be placed with a parent. While we acknowledge that the trial court failed to make an explicit finding that the children were not abandoned, orphaned or had not been in the agency's custody for a twelve month period as required by R.C. 2151.414(B)(1)(a), we find the lack of such a finding harmless error. The undisputed facts of the case demonstrate that such findings were appropriate and supported by the evidence. There is no dispute that the children were not abandoned, not orphaned and not in the custody of SCDJFS for twelve months within a consecutive twenty-two months. Therefore, since the trial court made a finding pursuant to R.C. 2151.414(B)(1)(a) and a grant pursuant to R.C.2151.414(B)(1)(a) was appropriate and supported by the record, we find no prejudicial error in the trial court's findings and grant of permanent custody. Appellant further argues that the SCDJFS filed the Motion for Permanent Custody prematurely by not waiting to file the motion after the children had been in the temporary custody of the agency for twelve months in a consecutive twenty-two month period. We disagree. Revised Code 2151.413 provides, in pertinent part: (A) A public children services agency or private child placing agency that, pursuant to an order of disposition under division (A)(2) of section 2151.353 of the Revised Code or under any version of section 2151.353 of the Revised Code that existed prior to January 1, 1989, is granted temporary custody of a child who is not abandoned or orphaned may file a motion in the court that made the disposition of the child requesting permanent custody of the child.
(D)(1) Except as provided in division (D)(3) of this section, if a child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, the agency with custody shall file a motion requesting permanent custody of the child. . . . For the purposes of this division, a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section 2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home.
R.C. 2151.413 (Emphasis added) A proper reading of the statute demonstrates that while an agency must file a motion for permanent custody if a child has been in custody for twelve months within a consecutive twenty-two month period, the agency may file at any time after the child is in temporary custody, if otherwise appropriate. Appellant's second assignment of error is overruled.
The Judgment of the Stark County Court of Common Pleas is affirmed.