OPINION
Plaintiffs-appellants Kurt Walker and Gena Walker appeal the June 14, 2000 Judgment Entry of the Canton Municipal Court which entered judgment in favor of defendant-appellee Dennis King.
 STATEMENT OF THE CASE AND FACTS
This complaint arises out of appellee's sale of a used 1993 Buick Century to appellants on October 20, 1999. The car had 165,000 miles on it. Appellants purchased the vehicle for $2,300, significantly below the N.A.D.A. "book value." The sale was memorialized in a handwritten document, signed by appellee and appellant Kurt Walker, stating the following: 10/20/99
Receipt of Kent [sic] Walker $2,300 cash payment in full for 1993 Buick Century #364A654NGPS604380. Sold As Is. No guarantee or warranty written or implied.
After appellants owned the car for approximately 4 1/2; months, the engine had to be replaced. The repair cost over $1,200. On April 6, 2000, appellants filed a complaint in the Canton Municipal Court, Small Claims Division, alleging appellee knew of a defect with the engine when he sold the vehicle. The matter proceeded to a hearing before the magistrate on April 26, 2000. In an April 28, 2000 Report, the magistrate found appellee had engaged in significant and fraudulent misrepresentations in selling the used vehicle to appellants. As a result of this misrepresentation, the magistrate found appellants incurred $1,200 of repairs to the vehicle. Accordingly, the magistrate found in favor of appellants for $1,200. On May 12, 2000, appellee filed objections to the magistrate's report. The trial court reviewed the taped testimony of the hearing, the exhibits, the written objections and memorandum in support of the objections, and appellants' response. After making its own factual determinations and undertaking an independent analysis of the issues in the case, the trial court sustained appellee's objections to the magistrate's report and entered judgment for appellee and against appellants. It is from this judgment entry appellants prosecute this appeal, assigning the following as error:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN THAT THE MANIFEST WEIGHT OF THE EVIDENCE DOES NOT SUPPORT THE TRIAL COURT'S CONCLUSION OF LAW.
 I
In appellants' sole assignment of error, they maintains the trial court's decision was against the manifest weight of the evidence. We disagree. We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. The trial court's June 14, 2000 Judgment Entry conducts an extensive analysis of the facts and evidence presented at the hearing. We find the well-reasoned decision of the trial court was not against the manifest weight of the evidence for the same reasons presented in the trial court's June 14, 2000 Judgment Entry. Accordingly, we adopt and incorporate by reference herein the June 14, 2000 Judgment Entry of the trial court. Appellants' sole assignment of error is overruled.
The June 14, 2000 Judgment Entry of the Canton Municipal Court is affirmed.
 ___________ Hoffman, J.
Gwin, P.J. and Farmer, J. concur.