OPINION
{¶ 1} On October 29, 1997, appellants, Charles and Rebecca Craig, entered into a Construction Agreement with appellee, Memmer Construction, Inc., to build a residential home. Said agreement provided for a base price of $234,572.00.
 {¶ 2} During construction a number of changes were made to the original plans. The only change reduced to writing was the deletion of a garage stall prior to the commencement of building. Appellants moved into the residence on or about June 3, 1998.
 {¶ 3} On July 5, 2000, appellee presented appellants with invoices for additional monies due and owing for the changes. Appellants did not pay the invoices.
 {¶ 4} On July 12, 2001, appellee filed a complaint against appellants for breach of contract and unjust enrichment. A bench trial commenced on March 20, 2002. By findings of fact, conclusions of law and judgment entry filed April 12, 2002, the trial court found in favor of appellee in the amount of $13,391.68 plus costs.
 {¶ 5} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "The trial court erred in finding that the parties waived the requirement in the contract that, `owners and contractors shall prepare a written change order setting forth the modification and change and the additional cost for the game' (sic)."
 II {¶ 7} "The trial court erred in granting judgment in favor of plaintiff when the construction agreement and specifications and contract were prepared by plaintiff, contained ambiguities therein, and therefore should have been strictly construed against the plaintiff resulting in judgment in favor of defendants."
 I {¶ 8} Appellants claim the trial court erred in determining the parties had waived the written change order provision of the Construction Agreement. We disagree.
 {¶ 9} By findings of fact, conclusions of law and judgment entry filed April 12, 2002, the trial court found the "provisions of the contract relative to change orders was waived by the parties due to their course of dealing." The trial court found in favor of appellee in the amount of $13,391.68 plus costs, but denied appellee's "claim for late charges and interest based on the contractor's own culpability in not following good business practices in obtaining written change orders and his delay in submitting the final compilation to the owners."
 {¶ 10} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9.
 {¶ 11} The Construction Agreement, Plaintiff's Exhibit 1, contains the following written change order provision:
 {¶ 12} "6. Modifications or Changes to Specifications. Owners shall not make any changes or modifications to the Plans, drawings and specifications without first submitting the change or modification in writing to Contractor for approval. Contractor may refuse to approve any change or modification if the change or modification could result in unreasonable delays or hardships to Contractor, or if Contractor has ordered material that can not be canceled. Any change or modification to the Plans, drawings or specifications shall result in an additional charge to Owner equal to the actual increased cost to materials and labor plus 15% due to increased administrative burden on Contractor to process the modification or change. Owners and Contractor shall prepare a written change order setting forth the modification and change and the additional cost for the game. The Contractor does reserve rights to make any in field changes. Any additions or deletions must be handled by the Contractor. The Owner is not permitted during the time of this contract to perform any work at the above mentioned property unless receiving written permission from the Contractor."
 {¶ 13} Ronald Memmer, appellee's President, and appellant Charles Craig both testified only one change order was reduced to writing and it was made prior to the actual commencement of building. T. at 59, 63, 64, 131-132, 147. The change order involved the deletion of one garage stall necessitated by the diminished lot size. T. at 25-28, 131.
 {¶ 14} All parties agree that during the time of construction, specific changes were requested by appellants. Changes made include skylighting, extra windows, extra redwood
 {¶ 15} trim on the outside, additional kitchen in the basement, finish additional areas of basement, extra concrete driveway, extra fill dirt and grading, extra gas lines, bookcases and cabinets in the family room, enlargement of the deck and building of a retaining wall. T. at 36-40, 41-42, 78-79, 134-135, 142, 155-156, 164, 167, 188-189. It is clear from the testimony the parties verbally changed and agreed to the modifications of the original plans. T. at 69, 76, 79. Mr. Craig was actually on site when the changes were discussed and at times, he personally directed the changes. T. at 49, 76, 98, 132. Appellants freely admitted the specific changes were not in the original plans and were done at their request. T. at 14-15, 154-156.
 {¶ 16} Upon review, we find sufficient evidence of a waiver of the written change order provision.
 {¶ 17} Assignment of Error I is denied.
 II {¶ 18} Appellants claim the trial court erred in not strictly enforcing the contract against the drafter, appellee. We disagree.
 {¶ 19} Appellants' position is that specific provisions of the contract provided for electrical work, outside finish, fill dirt and grade, and extra concrete for the drive. These contractual provisions were ambiguous in their language as to preclude extra charges being assessed against them.
 {¶ 20} The Specifications and Contract, Plaintiff's Exhibit 2, states "[t]he plans, elevations, sections and detail drawings, together with these specifications, are to form the basis of the contract and are to be of equal force." The electrical work was to be provided and the specifics of the contract state the following:
 {¶ 21} "Contractor shall provide all necessary labor and material and perform all electrical work of every nature whatsoever to be done. All work to comply with local ordinances. All outlets to be placed as directed by Owner and Contractor. The contractor shall provide 200 AMP service."
 {¶ 22} A handwritten notation under "Miscellaneous" provides for an electrical allowance of $6000.00. From the plain reading of the contract, the amount for electrical work is determined by the specifications. All parties testified that a pre-electrical walk-through was done and at that time, appellants added additional can lighting and outlets. T. at 76, 162. Mr. Craig admitted to additional changes regarding the electrical work. T. at 162.
 {¶ 23} The original outside finish of the front door and portico was set in the Specifications and Contract. There was a specific brick allowance of $350.00. The outside finish was designated as lumber, redwood and treated. Mr. Memmer testified appellants requested additional redwood trim in lieu of shutters and brick pediments, and this necessitated additional labor and redwood lumber. T. at 36, 50. Mr. Craig conceded he changed the front of the house, but believed there would be no extra charge. T. at 168-169.
 {¶ 24} An additional charge for fill dirt and grading was found by the trial court. The Construction Agreement, Plaintiff's Exhibit 1, provides that if additional site work is required for finish grade, an additional charge will be warranted:
 {¶ 25} "7. Excavation. * * * Owners agree to maintain the finish grade pursuant to Contractors recommendation after occupancy. In the event of unknown soil conditions prior to excavation, any and all additional expense incurred during excavation due to rock or sandstone muck, loosely filled soil, underground water, sifting sand, or any unstable material, are not included in this Contract Price. Additional labor and/or material necessary by reason of deficiencies in soil conditions requiring extra footing, reinforcing, piers, concrete block, or concrete walls not foreseeable until after excavation is completed hereunder shall be paid for by the Owners in addition to the Contract Price. Owners shall pay Contractor additional charges based on actual cost of labor and materials plus 15%."
 {¶ 26} Mr. Craig admitted extra fill dirt was required and done by appellant. T. at 167-168. Mr. Memmer claimed additional fill dirt was required because of the pond in the back of the property. T. at 39.
 {¶ 27} There was an additional charge for concrete. The genesis of this issue is the change order from a three-car garage to a two-car garage. A $5,091.00 credit was given to appellants and is reflected as a credit on Plaintiff's Exhibit 9. There is also a $1,610.00 charge for an extra concrete driveway. Mr. Memmer explained the extra concrete driveway was an additional parking pad requested by Mr. Craig. T. at 38-39, 98. Appellants and Mr. Memmer semantically argue the point as to where the concrete for the third stall of the garage went. We find this to be a red herring. It is clear that additional concrete work was done and appellants received the entire benefit of the credit for the third stall of the garage.
 {¶ 28} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v.Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 29} Upon review, we find the trial court, as the trier of facts, had sufficient evidence in the record to find the above charges were not covered in the Construction Agreement/Specifications and Contract, and no ambiguity existed to invalidate the additional charges.
 {¶ 30} Assignment of Error II is denied.
 {¶ 31} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Hoffman, P.J. and Edwards, J. concur.
Topic: Changes made on construction contract — waiver of written change order provision.