OPINION
{¶ 1} Defendant-appellant Leonard Dennison appeals the October 28, 2003 Judgment Entry entered by the Knox County Court of Common Pleas, which entered judgment in favor of plaintiff-appellee Donald Sidebottom and against appellant, following a jury's verdict.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} Sometime in late 1999, and early 2000, appellant and appellee entered into a handshake agreement in which appellee would represent appellant's business, Specialty Pie Bakers, in order to procure the placement of its product in retail outlets and appellee would receive a five percent commission of the total sales. Through his efforts, appellee established an account with Meijers as well as other businesses.
{¶ 3} On November 5, 2001, appellee filed a complaint for money judgment in the Knox County Court of Common Pleas, alleging appellant failed to pay him earned commission in the amount of $26,796.00. Appellant filed an answer, and the matter proceeded through discovery. A jury trial commenced on October 14, 2003.
{¶ 4} After hearing all the evidence and deliberations, the jury found in favor of appellee and against appellant in the amount of $30,324.00, a figure five percent greater than appellee's demand The trial court memorialized the jury's verdict via Judgment Entry filed October 28, 2003.
{¶ 5} Appellant raises the following assignments of error:
{¶ 6} "I. Did plaintiff establish amount of sales to meijer stores, against which he was owed a 5% commission, to a reasonable degree of certainty.
{¶ 7} "Did the jury lose its way by failing to correctly calculate the amount of all commissions paid by defendant to plaintiff?"
 I, II
{¶ 8} Because appellant's assignments of error are interrelated, we shall address said assignments together. In the first assignment of error, appellant maintains the trial court erred in granting judgment in favor of appellee as appellee failed to present sufficient evidence to support his damages with a reasonable degree of certainty. In the second assignment of error, appellant submits the jury's calculation of damages were against the manifest weight of the evidence.
{¶ 9} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279.
{¶ 10} "The plaintiff bears the burden of proving damages. Damages cannot be awarded if the plaintiff fails to meet this burden by presenting adequate proof. Henderson v. Spring RunAllotment (1994), 99 Ohio App.3d 633. Evidence of damages must be shown with a reasonable degree of certainty. A plaintiff may not recover speculative damages. Glenwood Homes, LTD. v. StateAuto Mut. Ins. Co. (Oct. 1, 1998), Cuyahoga App. No. 72856, unreported. A plaintiff must prove the extent of his damages to be entitled to compensation. Arko-Plastic v. Drake Industries
(1996), 115 Ohio App.3d 221."
{¶ 11} Upon review of the evidence presented at trial, which was both incomplete and limited, we find appellee failed to establish his damages with a reasonable degree of certainty and the jury clearly lost its way in awarding appellee damages in an amount five percent greater than the amount demanded.
{¶ 12} Exhibit A, which appellee created using his copies of purchase orders from Meijers, is a chart summarizing the amount of product ordered by Meijers, the amount of the total sale, and appellee's expected commission. The chart lists each purchase order number, the date of each purchase order, the carton quantity, the total sale, appellee's expected commission, the amount of payment, if any, toward the commission, the date of said payment, and any balanced owed to appellee on the commission. Exhibit E includes copies of approximately fifty invoices which appellant generated to IK Distributing, which served as the distributor for Specialty Pie Bakers. Each invoice reflects the purchase order number to which it correlates. Comparing Exhibits A and E, we find the invoices correlate to thirty-five of the purchase orders listed in Exhibit A. Eleven of the invoices indicate shipments of significantly less than the ordered carton amount set forth in Exhibit A. Five of the invoices show shipments slightly greater than the ordered amount reflected in Exhibit A. Thus, the commission amounts due would not be as appellee sets forth in Exhibit A, which served as his primary basis for his damage demand
{¶ 13} Exhibits B, C, and D are cancelled checks payable to appellee from appellant. Checks, totaling over $12,000, correspond to approximately fifteen of the purchase orders listed in Exhibit A. More than half of the checks contain notations indicating to which purchase orders they apply. However, we find thirteen checks contain no such notations. These checks total over $9,500, which appellee has not credited toward the outstanding commission total. To further complicate matters, there are checks for purchase orders for which there are no corresponding invoices, and three invoices reflect payment of commissions in the amount of $1902.89, which appellee admits are not credited on Exhibit A.
{¶ 14} We also find two of the purchase orders for which appellee shows his receipt of a partial commission payment, appear to have been paid in excess of the commission amount appellee asserted was owed. For example, appellee was paid $1,408.45 with check number 2963 on October 14, 2004, for the commission due on purchase order 7637. On November 10, 2000, appellant was paid $1,408.00 with check number 3241, which was also for purchase order 7637. Appellee only applied one check toward the commission owed. Appellee never applied the second check to the total commission due. With respect to purchase order 8041, appellant paid appellee a commission in the amount of $2,150.92 via three checks. Appellee only applied one check toward the commission due, leaving a balance for that specific purchase order of over $1,100.
{¶ 15} On Exhibit A, appellee shows he was paid a total of $17,024.80 in commissions. The cancelled checks admitted at trial totaled over $24,800. Appellee testified the checks he did not apply toward the total commission were for other debts owed to him by appellant. However, appellee testified he was never paid any commissions for the other accounts he obtained for appellant, and did not present any evidence of other debts appellant owed him for which these unapplied checks could apply.
{¶ 16} Assuming, arguendo, all of the cancelled checks admitted into evidence were in payment of commissions for the Meijers' account, we find appellee was paid over $24,000 by appellant, an amount far in excess of the $17,000 he claims appellant paid him. urther, appellee testified after he met with appellant in January, 2001, he terminated his representation of appellant. Nonetheless, he sought commissions for products purchased by Meijers throughout 2001. The jury's award clearly included payment of commissions for those sales.
{¶ 17} In light of the above, we find the jury's verdict was not supported by competent, credible evidence and was against the manifest weight of the evidence.
{¶ 18} Appellant's assignments of error are sustained. The judgment of the Knox County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with this opinion and the law.
Hoffman, P.J., Farmer, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Knox County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with our opinion and the law. Costs assessed to appellee.