[Cite as *Holder v. Swaney*, 2011-Ohio-1500.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CRAIG M. HOLDER | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| JENNIFER E. SWANEY FKA HOLDER | Case No. 10-CA-12 |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common Pleas,
                                                          Case No. 02DV356


JUDGMENT:                                      Affirmed/Reversed in Part & Remanded


DATE OF JUDGMENT ENTRY:          March 25, 2011


APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

BRIAN W. BENBOW                          ROBERT A. SKELTON
605 Market Street                             309 Main Street
Zanesville, OH  43701                       Coshocton, OH  43812

*Farmer, J.*

{¶1} On April 6, 2004, appellant, Jennifer Swaney fka Holder, and appellee, Craig Holder, were granted a divorce. Born of issue of the marriage were two children. Appellant was named the residential parent and legal custodian of the children, and appellee was ordered to pay child support in the amount of $442.18 per month, per child.

{¶2} On May 25, 2006, appellee filed a motion to modify allocation of uninsured expenses and medical insurance and motion to modify child support.

{¶3} On May 21, 2008, the Coshocton County Child Support Enforcement Agency (hereinafter "CCCSEA") held an administrative hearing at appellee's request to review the child support order. By report dated May 30, 2008, the hearing officer recommended a modification of appellee's child support obligation to $126.97 per month, per child.

{¶4} Appellant objected to the report and recommendation. On June 18, 2008, CCCSEA filed a motion for a hearing to determine if the revised child support amount was appropriate.

{¶5} A hearing was set for March 5, 2009. On same date, appellant filed a motion to continue the hearing date as she was having a baby by cesarean section in Utah. The motion was granted. On March 31, 2009, appellee filed a motion for sanctions for the March 5, 2009 continuance.

{¶6} A hearing on all matters was held before a magistrate on May 6, 2009. By decision filed September 15, 2009, the magistrate found the CCCSEA correctly calculated the revised amount of child support and ordered the amount effective March

1, 2008.   The magistrate also granted appellee's motion for sanctions, ordering appellant to pay $406.25 for attorney fees for failing to properly and promptly inform the court of her unavailability to attend the hearing and failure to timely provide documentation of the reason.

{¶7}   On February 24, 2010, appellant filed objections to the magistrate's decision.  By judgment entry filed July 28, 2010, the trial court overruled the objections and approved and adopted the magistrate's decision.

{¶8}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶9}   "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN ADOPTING THE MAGISTRATE'S DECISION AND OVERRULING THE APPELLANT'S OBJECTIONS."

I

{¶10}  Appellant claims the trial court erred in hearing the motion filed by the CCCSEA given the fact that the CCCSEA failed to appear at the hearing, erred in adopting the recommendation of the CCCSEA, and erred in ordering sanctions against her.

FAILURE TO APPEAR

{¶11}  During the May 6, 2009 hearing, appellant made an oral motion to dismiss CCCSEA's motion for failure to prosecute given the fact that CCCSEA did not appear for the hearing.  The motion was denied.

{¶12} R.C. 3119.63 governs review of court support order and states the following:

{¶13} "The child support enforcement agency shall review a court child support order on the date established pursuant to section 3119.60 of the Revised Code for formally beginning the review of the order and shall do all of the following:

{¶14} "(A) Calculate a revised amount of child support to be paid under the court child support order;

{¶15} "(B) Give the obligor and obligee notice of the revised amount of child support, of their right to request an administrative hearing on the revised amount, of the procedures and time deadlines for requesting the hearing, and that the revised amount of child support will be submitted to the court for inclusion in a revised court child support order unless the obligor or obligee requests an administrative hearing on the proposed change within fourteen days after receipt of the notice under this division;

{¶16} "(C) Give the obligor and obligee notice that if the court child support order contains a deviation granted under section 3119.23 or 3119.24 of the Revised Code or if the obligor or obligee intends to request a deviation from the child support amount to be paid under the court child support order, the obligor and obligee have a right to request a court hearing on the revised amount of child support without first requesting an administrative hearing and that the obligor or obligee, in order to exercise this right, must make the request for a court hearing no later than fourteen days after receipt of the notice;

{¶17} "(D) If neither the obligor nor the obligee timely requests, pursuant to division (C) of this section, an administrative or court hearing on the revised amount of

child support, submit the revised amount of child support to the court for inclusion in a revised court child support order;

{¶18} "(E) If the obligor or the obligee timely requests an administrative hearing on the revised child support amount, schedule a hearing on the issue, give the obligor and obligee notice of the date, time, and location of the hearing, conduct the hearing in accordance with the rules adopted under section 3119.76 of the Revised Code, redetermine at the hearing a revised amount of child support to be paid under the court child support order, and give notice to the obligor and obligee of the revised amount of child support, that they may request a court hearing on the revised amount, and that the agency will submit the revised amount of child support to the court for inclusion in a revised court child support order, if neither the obligor nor the obligee requests a court hearing on the revised amount of child support;

{¶19} "(F) If neither the obligor nor the obligee requests, pursuant to division (E) of this section, a court hearing on the revised amount of child support, submit the revised amount of child support to the court for inclusion in a revised court child support order."

{¶20} R.C. 3119.64 provides:

{¶21} "If an obligor or obligee files a request for a court hearing on a revised amount of child support to be paid under a court child support order in accordance with section 3119.63 of the Revised Code and the rules adopted under section 3119.76 of the Revised Code, the court shall conduct a hearing in accordance with section 3119.66 of the Revised Code."

{¶22} Within the hearing officer's May 30, 2008 report on child support was the following recommendation:

{¶23} "This case is beyond the ability or capacity of the CSEA and this Hearing Officer. The documents and information provided by both parties are contradictory and much more discovery needs to be verified and presented to the court for a final judgment.

{¶24} "Therefore, this Hearing Officer is recommending the CSEA's review remain as previously issued until such time (within the fifteen (15) day timeframe required by the Ohio Revised Code) that either of the parties object and requests a court hearing. Exhibits A through E are attached for the courts review, if necessary."

{¶25} The hearing officer went on to recommend modifying appellee's child support obligation to $126.97 per month, per child. Within the required fifteen days, appellant as obligee sent the following letter to the CCCSEA:

{¶26} "On June 5, 2008, I received a letter from the Coshocton County Department of Job and Family Services Child Support Agency dated May 30, 2008 informing me of the Hearing Officer's Report and Recommendation on Case No. 02DV356. I OBJECT to this report and recommendation."

{¶27} We fail to find that once appellant objected to the report and recommendation thereby triggering a hearing, the CCCSEA had the burden of going forward in defense of the child support order. Appellee as obligor was present at the hearing and prosecuted the claim.

ADOPTION OF CCCSEA'S RECOMMENDATION

{¶28} Appellant claims the trial court's adoption of the CCCSEA's recommendation on child support was against the manifest weight of the evidence.

{¶29} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson,* 66 Ohio St.3d 610, 1993-Ohio-9. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison* (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶30} Appellant challenges the trial court's findings that appellee's income was $20,800.00 and appellant's imputed income was $129,200.00. See, Child Support Calculation Worksheet, attached to CCCSEA's June 18, 2008 Motion for Hearing to Modify Support as Exhibit E. Appellant argues it was error to impute income to her given the fact that her direct testimony established she was last employed in January of 2009 and her tax returns indicated her income from 2007 was $10,831.00 plus taxable interest of $237.00 plus a capital gain of $25,558.00 on the sale of her home in Utah which was a one-time event. T. at 63-64, 110; Defendant's Exhibits 3 and 4. Appellant further argues appellee freely admitted the $20,800.00 amount used by CCCSEA was

in error. T. at 140. Appellee testified his income for 2006, 2007, and 2008 was approximately $38,000.00 per year. T. at 141.

{¶31} In its decision filed September 15, 2009, approved and adopted by the trial court, the magistrate found based on the evidence and arguments presented, "the CSEA correctly calculated the revised amount of child support to be paid by the Obligor."

{¶32} The worksheet amount calculated for appellant's income was $129,200.00 and for appellee, it was $20,800.00 (Line 14). Clearly, appellee's income of $20,800.00 is not supported by the evidence, and the income on Line 1a should be $38,000.00.

{¶33} As for appellant's income, her tax returns included large itemized deductions with no or minimal income. T. at 99; See, Tax Returns, attached to CCCSEA's June 18, 2008 Motion for Hearing to Modify Support as Exhibits D-4(a), (b), and (c). Also, on a 2007 loan application, she claimed to have an income of $11,000.00 per month. T. at 93-94; See, Uniform Residential Loan Application, attached to CCCSEA's June 18, 2008 Motion for Hearing to Modify Support as Exhibit D-1. In December of 2006 and January of 2007, appellant had deposits to her checking account of over $300,000.00 and $50,000.00. T. at 98; See, Checking Account Printouts, attached to CCCSEA's June 18, 2008 Motion for Hearing to Modify Support as Exhibit D-3. Appellant claimed to have filed bankruptcy, but did not present any particulars of the filing to the trial court. T. at 105-108. At times, appellant's testimony was evasive and contradicting. We cannot find that the trial court erred in imputing income to her.

{¶34} However, based upon the obvious error in appellee's income, we remand this case to the trial court for recalculation of the worksheet with appellee's income listed as $38,000.00 on Line 1a.

## SANCTIONS

{¶35} Appellant also challenges the award of sanctions against her for failing to provide documentation to the trial court of her pregnancy, caesarean section, and resulting illness that necessitated the March continuance. The trial court ordered attorney fees in the amount of $406.25 as a sanction. However, despite appellant's concession that the trial court instructed her to provide the documentation (T. at 11), there was no filing by the trial court ordering appellant to provide the documentation. We therefore conclude the sanction order against appellant was inappropriate.

{¶36} The sole assignment of error is granted in part and denied in part. The case is remanded to the trial court for recalculation of the child support worksheet regarding appellee's income and dismissal of the sanction order.

{¶37}  The judgment of the Court of Common Pleas of Coshocton County, Ohio is hereby affirmed in part and reversed in part.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.


_s/ Sheila G. Farmer_____


_s/ W. Scott Gwin_____


_s/ Patricia A. Delaney_____

JUDGES


SGF/sg 303

IN THE COURT OF APPEALS FOR COSHOCTON COUNTY, OHIO

FIFTH APPELLATE DISTRICT

CRAIG M. HOLDER                          :
                                         :
    Plaintiff-Appellee                   :
                                         :
-vs-                                     :           JUDGMENT ENTRY
                                         :
JENNIFER E. SWANEY FKA HOLDER            :
                                         :
    Defendant-Appellant                  :           CASE NO. 10-CA-12

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Coshocton County, Ohio is affirmed in part and reversed in part, and the matter is remanded to said court for further proceedings consistent with this opinion.  Cost to be divided equally between the parties.

s/ Sheila G. Farmer_____

 s/ W. Scott Gwin_____

 s/ Patricia A. Delaney_____

JUDGES